UNITED ASSOCIATION LOCAL 38 PENSION TRUST FUND, et al., Plaintiffs-Appellants,

v.

AETNA CASUALTY & SURETY CO., Defendants-Appellees.

No. 84–2667.

United States Court of Appeals, Ninth Circuit.

Feb. 25, 1987.

Joseph Alioto, San Francisco, Cal., for plaintiffs-appellants.

Sedgwick, Detert, Moran and Arnold, Cynthia H. Plevin, San Francisco, Cal., and Farbstein and Brown, Donald Farbstein, San Mateo, Cal., for defendants-appellees.

Before NORRIS and REINHARDT, Circuit Judges, and GILLIAM,* District Judge.

## ORDER AMENDING OPINION

The court's Opinion in this case filed June 3, 1986, found at 790 F.2d 1428, is amended as follows:

A footnote is added to the text of the typewritten opinion at page 6, line 14, following the word "denied." (790 F.2d at 1431, fifth line of left column) as follows:

[1] Appellees contend there were three individual and separate annual policy periods, 1975, 1976 and 1977, rather than one policy period beginning in 1975 and continuing through 1977. Appellants disagree. Appellees further contend that the issue is relevant because the insured is required to notify the insurer of a potential claim during the policy period in which the insured learns of the material facts. The question when an insured has the requisite knowledge regarding a potential claim of the type at issue here is a difficult one. However, because the wrongful acts involved here occurred principally, if not entirely, after the initial commencement of the insurance coverage involved, that question need be answered only if the policy periods are individual and separate. In this case the policy appears to be ambiguous and unclear with respect to the number of policy periods involved. It does not state on its face whether each renewal gives rise to an individual and separate policy period; however, the renewal certificate suggests that each such certificate becomes part of a single overall agreement that covers a single overall policy period. Ambiguities in a policy of insurance should be construed in favor of the insured party. See *Chamberlin v. Smith*, 72 Cal.App.3d 835, 844, 140 Cal.Rptr. 493 (1977) (insurer may not escape obligations if coverage available under any reasonable interpretation of policy); 1 B. Witkin, *Summary of California Law of Contracts*, sec. 530 (8th ed. 1973) (ambiguities in policy construed against insurer in order to provide coverage for the losses to which the policy relates). That rule is applicable here.