110 F.3d 68
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
LOCAL 38 UNITED ASSOCIATION PENSION TRUST FUND; Robert
Buckley; Robert J. Costello; Joseph De Luca; O.E.
Dehnert; Keith Hansen; Local 38 United Association
Scholarship Fund; William Jennings; V.J. Kazarian; Daniel
Kennedy; Joseph P. Mazzola; Lawrence J. Mazzola; Dan
McCormick; Local 38 United Association Security Fund;
Stanley Neyhart; William White; H.J. Riboni; Stewart
Smith; William Spencer; Raymond Springer; Local 38 United
Association Vacation and Holiday Trust Fund; Local 38
United Association Apprentice Fund; Local 38 United
Association Convalescent Trust Fund; Local 38 United
Association Health and Welfare Trust Fund; Local 38 United
Association Jury Duty Fund; Steven Jennings, Trustee of the
William Jennings Revocable Trust, Plaintiffs-Appellants,
v.
AETNA CASUALTY & SURETY COMPANY; Huntington T. Block
Insurance; Standard Fire Insurance Co.,
Defendants-Appellees.
 No. 96-15962.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 5, 1997.
Decided March 19, 1997.
 
 Appeal from the United States District Court for the Northern District of California, No. CV-82-04686; J. Spencer Letts, District Judge, Presiding.
 N.D.Cal.
 REVERSED.
 Before: REINHARDT, HALL and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The appellants appeal from the district court's order granting summary judgment in favor of the appellees. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse.
 
 FACTS
 
 3
 The appellants are trustees of collectively bargained employee benefit plans and two of those plans, the United Association Local 38 Pension Fund (Pension fund) and the United Association Local 38 Convalescent Fund (Convalescent fund). In 1975, the appellants obtained an insurance policy, purchased through Huntington T. Block Insurance Agency (Block), with Aetna Casualty and Surety Company and its subsidiary Standard Fire Insurance Company (collectively referred to as Aetna). The policy covered appellants for claims made under the Employee Retirement Income Security Act (ERISA) during 1975, 1976, and 1977.
 
 
 4
 By a letter dated May 30, 1978, the Department of Labor informed the appellants that it believed they had violated ERISA by making certain loans. The Department of Labor successfully pursued an action against the appellants for ERISA violations. See Donovan v. Mazzola, 716 F.2d 1226 (9th Cir.1983), cert. denied, 464 U.S. 1040 (1984).
 
 
 5
 After Aetna refused to provide a defense or indemnification, the appellants brought the present action. The appellants assert Aetna breached its contract by not providing a defense or indemnification. The appellants also allege Block breached its fiduciary duty by not calling their attention to a clause in the insurance policy which could have extended the policy's effective period, beyond 1977.
 
 
 6
 The district court previously entered summary judgment in favor of Aetna and Block. We reversed and remanded. United Ass'n Local 38 v. Aetna Cas. & Sur. Co., 790 F.2d 1428 (9th Cir.1986), amended by, 811 F.2d 500 (9th Cir.1987). Upon remand, the district court again granted summary judgment in favor Aetna and Block. The appellants now appeal.
 
 DISCUSSION
 A. Breach of Contract Claim
 
 7
 The appellants argue the district court erred by granting summary judgment against them on their breach of contract claim against Aetna and by striking their expert's deposition testimony.
 
 1. Summary Judgment
 
 8
 Aetna contends it was not required to provide a defense or indemnification because the policy had expired before the Department of Labor brought the ERISA action against the appellants. The appellants, however, argue they sent Aetna documents during the effective period of the policy which constituted written notice of a wrongful act within the meaning of Clause VII of the policy. Clause VII provided for coverage of a claim made outside the effective period of the policy if, during the effective period, the appellants gave Aetna written notice of a wrongful act which may give rise to a claim.
 
 
 9
 The appellants argue the documents attached to their renewal application gave Aetna sufficient notice of the ERISA claim. Attached to the renewal application was a 5500 form and a Touche Ross audit report. In the prior appeal, we concluded there was a genuine issue of material fact as to whether these attachments constituted sufficient notice under Clause VII. Local 38, 790 F.2d at 1430-31.
 
 
 10
 In this appeal, Aetna argues the 5500 form and Touche Ross audit report were not sufficient to constitute notice under Clause VII and do not meet Aetna's own internal requirements for sufficient notice under Clause VII. These arguments are foreclosed by our prior opinion. In that opinion, we expressly stated there was an issue of material fact as to whether the attached documents should have put Aetna on notice of the wrongful acts leading to the ERISA action. Id. The law of the case doctrine precludes the relitigation of this issue. See United States v. Cote, 51 F.3d 178, 181 (9th Cir.1995).
 
 
 11
 Aetna next argues the appellants did not comply with Clause VII because they did not give notice during the policy period in which they "first became aware" of the wrongful act. Aetna argues there were three separate policies for years 1975, 1976, and 1977, and not one single policy issued in 1975 and renewed for years 1976 and 1977. Aetna argues the appellants knew of the wrongful act in 1975 and, thus, the notice given in 1977 was not timely under Clause VII.
 
 
 12
 Again, this argument is foreclosed by our prior opinion. In the prior opinion, we concluded there was a single overall agreement rather than separate policy periods. Local 38, 811 F.2d at 501. Aetna's assertion that the parties now agree there were three separate policy periods is not supported by the record.
 
 
 13
 Aetna also argues it did not receive the Touche Ross audit report during the effective period of the policy and the 5500 form alone is not sufficient to constitute notice. On this issue, we conclude the appellants have raised a genuine question of material fact as to whether Aetna actually received the documents during the required period.
 
 
 14
 The appellants communicated with Aetna through Block. George Guthrie, a Block representative, testified he sent the Touche Ross audit report to Aetna. According to the appellants, the 5500 form and the Touche Ross audit report were attached to their renewal application. The Aetna underwriter responsible for the appellants' account, Steve Coward, testified he received their renewal application in March 1977. Although Guthrie does not specify when he sent the audit, a permissible inference would be that Aetna received the audit report in 1977, along with the renewal application.
 
 
 15
 The appellants also presented a letter from Block to the appellants which the appellants received in November 1977. In this letter, Guthrie inquired about an audit by the Department of Labor. Guthrie testified he assumed that Aetna had asked him to inquire about the audit. The Department of Labor's audit was mentioned in the Touche Ross audit report. A permissible inference would be that Aetna learned of the Department of Labor's audit from the Touche Ross audit report and, thus, had received the Touche Ross report in 1977.
 
 
 16
 Although Aetna's employee, Coward, stated Aetna did not receive the Touche Ross audit report in 1977, the foregoing evidence is sufficient to raise a genuine issue of material fact as to whether Aetna actually received the required written notice during the effective period of the policy.
 
 2. Expert Testimony
 
 17
 The appellants argue the district court erred by striking the deposition of their expert, Richard Milsner. Milsner would have testified that the information in the 5500 form and the Touche Ross audit report constituted sufficient notice under Clause VII.
 
 
 18
 The district court struck Milsner's deposition because the appellants failed to timely designate him as an expert, in violation of the court's discovery order. The district court was entitled to enforce its discovery order. See Fed.R.Civ.P. 37(c)(1). However, because there are genuine issues of material fact and a new trial date will need to be scheduled, there appears to be no reason why the parties should not be given an additional opportunity to designate experts. This case has been pending since 1982, for fifteen years. At this point, based on the need to set a new trial date, there appears to be no reason to enforce the previously scheduled discovery cutoff date.
 
 B. Breach of Fiduciary Duty Claim
 
 19
 The appellants allege Block breached its fiduciary duty by not calling their attention to Clause X of the policy. Clause X allowed the appellants to obtain an additional twelve months of coverage if, prior to the termination or cancellation of the policy, the appellants notified Aetna they wished to take advantage of Clause X. The district court determined that the statute of limitations barred this claim and that the appellants were required to present expert testimony on the applicable standard of care owed by Block.
 
 1. Statute of Limitations
 
 20
 The four-year limitations period, under California Code of Civil Procedure Section 343, governs the appellants' breach of fiduciary duty claim. See Davis & Cox v. Summa Corp., 751 F.2d 1507 (9th Cir.1985); FDIC v. McSweeney, 976 F.2d 532, 534 (9th Cir.1992), cert. denied, 508 U.S. 950 (1993); Robuck v. Dean Witter & Co., 649 F.2d 641 (9th Cir.1980). Thus, the appellants' claim was timely filed if their claim did not accrue prior to August 3, 1978.
 
 
 21
 A claim for breach of fiduciary duty accrues "when the plaintiff discovers or should have discovered all facts essential" to the claim. April Enters. v. KTTV, 147 Cal.App.3d 805, 826-27 (Cal.Ct.App.1983); see also Stalberg v. Western Title Ins., 230 Cal.App.3d 1223, 1230 (Cal.Ct.App.1991). The claim accrues "when the plaintiff either (1) actually discovered his injury and its negligent cause or (2) could have discovered the injury and cause through the exercise of reasonable diligence." KTTV, 147 Cal.App.3d at 826.
 
 
 22
 A genuine issue of material facts exists as to whether the appellants filed their action within four years from the date they should have discovered their injury and the alleged breach. Based on correspondence between Block and the appellants, it appears the appellants were continuing to negotiate with Aetna for a renewal of the policy at least until August 29, 1978. Had Aetna renewed the policy as a result of these negotiations, the appellants believed coverage would be retroactively effective, beginning on January 1, 1978. It does not appear the appellants were aware until August 29, 1978, that Aetna would refuse to renew the policy and they would not be covered. Thus, there is a genuine issue of material fact as to when the damage occurred and when the appellants should have been aware of the damage and breach.
 
 2. Expert Testimony
 
 23
 The district court also granted summary judgment on the basis that the appellants failed to present expert testimony on the duty of care owed by Block as a fiduciary. This holding is inconsistent with our holding in Local 38 that "plaintiffs have offered sufficient evidence to raise a genuine issue of fact, that is, whether Block violated a fiduciary duty by not informing plaintiffs of their right to an extension of coverage under Clause X." 790 F.2d at 1431. We did not require expert evidence in our earlier decision. Thus, applying the law of the case doctrine, we reverse. See Cote, 51 F.3d at 181. Moreover, as discussed above, because the district court must set a new trial date, there appears to be no reason for prohibiting the appellants from listing Milsner as an expert witness following remand.[1]
 
 
 24
 REVERSED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The appellants also argue that if we reverse the grant of summary judgment, if they are successful at trial, and if damages are assessed against Aetna and Block, Aetna and Block are not entitled to a set-off for the reimbursement the appellants received. Because it is merely speculative that the appellants will prevail at trial and a damage judgment will be entered, we decline to address this argument. See Union Pac. R.R. Co. v. Nevada Power Co., 950 F.2d 1429, 1434 (9th Cir.1991)