**Steven W. WINTER, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. 97–1484–PHX–PGR.**

United States District Court, D. Arizona.

March 8, 2002.

Steven M. Friedman, Begam Lewis Marks & Wolfe PA, Phoenix, AZ, D. Michael Cutchen, Gibson Ferrin & Riggs PLC, Mesa, AZ, for Plaintiff.

Janet Napolitano, Ann Elizabeth Harwood, Harriet M. Bernick, U.S. Attorney's Office, Phoenix, AZ, for Defendant.

## ORDER

ROSENBLATT, District Judge.

This is a Federal Tort Claims Act matter, which was recently reversed and remanded by the Ninth Circuit. Pending before this Court is defendant's second Motion for Summary Judgment (**Doc. 68**)[1]
.

### FACTUAL HISTORY

In May, 1983, Steven Winter (plaintiff), a paraplegic, agreed to participate in an experimental program conducted by the Veteran's Administration Medical Center (VA) in Cleveland, Ohio. The program re-

---

1. Although this matter was set for oral argument, the Court concludes that the decisional process would not be significantly aided by oral argument because the facts and the legal arguments have been adequately presented in the parties' memoranda and statement of facts.

quired the implantation of electrodes into the legs of paraplegics in an attempt to restore their ability to walk. This program was directed by Dr. E.B. Marsolias. The electrodes were implanted in plaintiff's legs between 1983 and 1986.

In 1989, plaintiff was hospitalized in San Clemente, California, with cellulitis, an infection in his left leg. The San Clemente doctors were informed by plaintiff of his participation in the electrode project, and suggested the cellulitis might be connected to the implants. One of the San Clemente doctors, Dr. Kadakia, contacted Dr. Marsolais. Dr. Marsolais explained that only two of his subjects previously experienced cellulitis, and neither case was related to the implantation of the electrodes. Dr. Marsolais also stated that the electrodes could remain implanted for as long as twenty years. Plaintiff was informed of this conversation and no effort was made to remove the electrodes at that time. In 1994, plaintiff's infections became more severe. Since that time, he has undergone approximately twenty-five surgeries to remove the electrodes.

### PROCEDURAL HISTORY

Plaintiff filed an administrative claim with the VA in July 1994, alleging that his injuries resulted from the VA's negligent operation of the electrode program. The VA initially denied the claim on May 23, 1995. Pursuant to a request for reconsideration, the VA again denied plaintiff's claim in a letter allegedly mailed on January 31, 1996. Plaintiff claims he never received this letter[2]. On January 17, 1997, the VA, in response to plaintiff's inquiries, sent him a letter informing him

that his claim had been denied a year earlier.

Plaintiff filed this Federal Tort Claims Act matter on July 15, 1997. Subsequently, on August 29, 1997, plaintiff filed an Amended Complaint.

On June 1, 1998, defendant filed a Motion for Summary Judgment. The Motion argued: (1) plaintiff's claim accrued in May of 1986 or at the very latest in January of 1989, and therefore, this lawsuit is barred by the applicable statute of limitations, 28 U.S.C. § 2401(b); (2) plaintiff failed to follow the proper procedures for submitting a request for reconsideration, and therefore, his lawsuit is untimely; and (3) plaintiff failed to timely file his lawsuit in federal court, and therefore the court lacked subject matter jurisdiction.

On March 18, 1999, this Court concluded that plaintiff's administrative claim was timely asserted because he reasonably relied on a VA doctor who opined that his infection was not related to the implantation of electrodes.

This Court granted defendant's Motion for Summary Judgment with respect to plaintiff's untimely request for reconsideration. This Court reasoned that because plaintiff mailed his request for reconsideration to the VA's Regional Counsel, rather than to the General Counsel, plaintiff's request for reconsideration was not properly filed. Moreover, because this Court considered the untimely request for reconsideration to be jurisdictional, it did not reach the issue of the timeliness of plaintiff's Complaint. Plaintiff appealed.

After an extensive discussion on the applicable law, the Ninth Circuit affirmed

---

2. The Court notes that plaintiff moved and apparently failed to provide the VA with notice of his new address. Thus, he claims he did not receive notice that his claim was denied, but once he determined the claim was denied he timely filed his Complaint in feder-

al court. Defendant, on the other hand, contends that plaintiff is responsible for notifying the VA of his changed address and that the statute of limitations should bar his FTCA claims.

this Court's Order with respect to denying summary judgment, stating, "[w]e therefore conclude that the district court properly denied summary judgment on the ground that plaintiff's claim had not accrued." *Winter v. United States of America,* 244 F.3d 1088, 1092 (9th Cir.2001).

Ultimately, however, the Ninth Circuit reversed and remanded the matter without providing any significant guidance. There is no discussion or reference, by the Ninth Circuit, as to the issue of requesting timely reconsideration [3]—the issue on which this Court granted summary judgment.

With regard to the timeliness of plaintiff's Complaint—the issue this Court never reached—the Ninth Circuit stated, "[t]he government argues, in the alternative, that we can affirm summary judgment on Winter's alleged failure to timely file his complaint. We will not reach this issue, since it was not addressed by the district court and it involved the resolution of *disputed factual issues.*" *Winter,* 244 F.3d at 1092. (Emphasis added).

Accordingly, it is unclear to this Court if the matter was reversed and remanded because of this Court's granting summary judgment because of plaintiff's failure to properly request reconsideration from the VA or because of this Court's decision not to reach the merits on whether plaintiff timely filed his Complaint.

In any event, defendant again seeks summary judgment. Essentially, defendant reasserts the argument that plaintiff's Complaint is barred by the statute of limitations because he failed to file his lawsuit in District Court within six months of the VA's final denial of his administrative claim.

---

**3.** The only reference made is with regard to the procedural history of the case. The Ninth Circuit never discusses the merits of plaintiff's

### DISCUSSION

Summary judgment should be granted pursuant to Federal Rule of Civil Procedure 56 only if no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In ruling upon a motion for summary judgment, the court must view the evidence in the light most favorable to the nonmoving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

In essence, defendant argues summary judgment should be granted on the basis of the third argument asserted in the original Motion for Summary Judgment, which was never decided by this Court. Namely, that plaintiff filed the Complaint more than six months after the final denial of his claim was mailed. Plaintiff, on the other hand, argues that the Ninth Circuit has already determined this involves disputed issues of fact, thus, this Court is bound by that determination. Alternatively, plaintiff contends that, assuming the Ninth Circuit's determination is not applicable, the issue remains in dispute.

### A. Judicial admissions

 "Under federal law, stipulations and admissions in the pleadings are generally binding on the parties and the Court." *American Title Ins. Co. v. Lacelaw Corp.,* 861 F.2d 224, 225 (9th Cir.1988), *quoting, Ferguson v. Neighborhood Housing Services,* 780 F.2d 549, 551 (6th Cir.1986). Judicial admissions are formal admissions in pleadings, which have the effect of withdrawing a fact from issue and dispensing with the need for proof of fact. *See American Title Ins. Co.,* 861 F.2d at 225.

proper or improper request for reconsideration.

■ In some jurisdictions, factual assertions in pleadings and pretrial orders are considered judicial admissions conclusively binding on the party who made them. *See id.* at 226; *see also White v. ARCO/Polymers, Inc.,* 720 F.2d 1391, 1396 (5th Cir. 1983). In the Ninth Circuit, a district court has *discretion* in determining whether factual statements made in a brief should be considered admissions. *See American Title Ins.,* 861 F.2d at 227. "We...hold that statements of fact contained in a brief may be considered admissions of the party in the discretion, of the district court." *Id.* (Emphasis in original).

Plaintiff argues statements contained in defendant's Petition for Rehearing are judicial admissions. In the Petition for Rehearing, defendant acknowledged twice that "concerns about timely filing of the complaint...involve disputed factual issues." Defendant makes no attempt to counter this assertion in the reply.

Against this background, in the exercise of its discretion, this Court concludes that defendant will not be bound by the judicial admissions made in the Petition for Rehearing.

### B. Law of the Case

■ The law of the case doctrine requires a district court to follow the appellate court's resolution of an issue of law in all subsequent proceedings in the same case. *See United States v. Cote,* 51 F.3d 178, 181 (9th Cir.1995). The doctrine applies to the appellate court's "explicit decisions as well as those issues decided by necessary implication." *Id.,quoting, Eichman v. Fotomat Corp.,* 880 F.2d 149, 157 (9th Cir.1989).

The plaintiff seeks to preclude summary judgment based on the law of the case doctrine set forth above. This is his most

compelling argument for denying summary judgment. While the Ninth Circuit acknowledged that this Court never reached the merits of the timeliness of the Complaint, apparently, in conducting the *de novo* review, the Court was able to evaluate the parties' arguments in this regard.

■ Ultimately, the Ninth Circuit concluded that the issue need not be reached since this Court did not reach the issue. However, in "not reaching the issue," the Ninth Circuit determined that there were disputed factual issues. "The government argues, in the alternative, that we can affirm summary judgment on Winter's alleged failure to timely file his complaint. We will not reach this issue, since it was not addressed by the district court and it involves the resolution of disputed factual issues." *Winter v. United States,* 244 F.3d at 1092.

As such, this Court is bound by the findings made by the Ninth Circuit. Due to the presence of disputed factual issues, as determined by the Ninth Circuit, this Court must deny summary judgment.

### C. Defendant's Motion for Summary Judgment

Defendant's legal arguments in favor of summary judgment are well taken by this Court. However, in the interest of judicial economy and given the Ninth Circuit's ruling regarding the presence of disputed factual issues, this Court need not reach the legal arguments raised by defendant in the Motion for Summary Judgment[4].

IT IS ORDERED that the defendant's Motion for Summary Judgment (**Doc. 68**) is **DENIED**.

---

**4.** The Court recognizes that some additional discovery was undertaken by defendant in an attempt to resolve the disputed factual issues.

Despite defendant's attempt, plaintiff persuasively argues that disputed issues of material fact remain.

IT IS FURTHER ORDERED that the oral argument set for June 3, 2002 is **VACATED**.

IT IS FURTHER ORDERED that the Pretrial Conference set for August 26, 2002 is **VACATED** and **RESET** set for **Monday, April 29, 2002 at 3:00 p.m.**

IT IS FURTHER ORDERED that the parties are to file their Joint Pretrial Statement and all Motions in Limine in accordance with the original Scheduling Order on or before **April 15, 2002.**