**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**David L. SHAFER, Defendant–
Appellant.**

**No. 00–1327.**

United States Court of Appeals,
Sixth Circuit.

Oct. 30, 2001.

Before BOGGS, GILMAN, and
BRIGHT,* Circuit Judges.

*ORDER*

David L. Shafer appeals pro se his con-
viction and sentence for making false
statements that pertain to a matter within
the jurisdiction of the United States in
violation of 18 U.S.C. § 1001. This case
has been referred to a panel of the court
pursuant to Rule 34(j)(1), Rules of the
Sixth Circuit. Upon examination, this
panel unanimously agrees that oral argu-
ment is not needed. Fed. R.App. P. 34(a).

Shafer was the owner and president of a
company that contracted with the Michi-
gan Department of Military Affairs to re-
move underground storage tanks and con-
taminated soil at several national guard
armories located in Michigan. Shafer sent
several payroll certification statements to
the Michigan Department of Military Af-
fairs that verified that his company had
paid its employees the prevailing wage in
compliance with the requirements of the
Davis–Bacon Act, 40 U.S.C. § 276a. After
a two-day trial, a jury found Shafer guilty
of making false statements that pertain to
a matter within the jurisdiction of the
United States, and the district court sen-

* The Honorable Myron H. Bright, United
States Circuit Judge for the Eighth Circuit,
sitting by designation.

tenced Shafer to twenty-four months of imprisonment and three years of supervised release. Shafer was required to pay a $24,000 fine, $25,000 in restitution, and $800.00 in special assessments. Shafer's sentence was based on a total loss figure of $140,363.49. The district court arrived at this figure by adding the wages that Shafer's employees would have received had Shafer complied with the Davis–Bacon Act, 40 U.S.C. § 276a, to the amount of overtime that Shafer should have paid his employees for their work on non-government contracts pursuant to the Fair Labor Standards Act.

On appeal, Shafer argued that: 1) his conviction should be overturned because the false statements in question were made to a state agency and therefore did not pertain to a matter within the jurisdiction of a federal agency; and 2) the district court improperly determined that his failure to pay overtime wages on non-government jobs in violation of the Fair Labor Standards Act was relevant conduct when it included these unpaid overtime wages in its sentencing calculation. A panel of this court affirmed Shafer's conviction, but held that the district court should not have included in its sentencing calculation the amount of overtime wages Shafer should have paid his employees for their work on non-government contracts. *United States v. Shafer*, 199 F.3d 826, 832 (6th Cir.1999). Accordingly, the court remanded the case to the district court for resentencing. *Id.* On remand, the district court recalculated the relevant conduct loss figure to $53,666.65, and imposed a sentence of eighteen months of imprisonment. The remainder of Shafer's sentence remained unchanged.

In his second appeal, Shafer contends that: 1) insufficient evidence supports his conviction because the government offered no evidence that he knew that the wage statements were false; 2) the district court

incorrectly calculated his relevant conduct loss figure; 3) the district court incorrectly ordered him to pay restitution; and 4) the district court should have given him credit for his prison "good-time" against the imposed period of supervised release.

■ Upon review, we conclude that to the extent Shafer challenges his conviction, he is barred by the law-of-the-case doctrine. Shafer contends that insufficient evidence supports his conviction. Under the law-of-the-case doctrine, findings made at one point in the litigation become the law of the case for subsequent stages of that same litigation. *United States v. Moored*, 38 F.3d 1419, 1421 (6th Cir.1994). Moreover, the doctrine bars challenges to a decision made at a previous stage of the litigation which could have been challenged in a prior appeal, but were not. *United States v. Adesida*, 129 F.3d 846, 849–50 (6th Cir.1997) (citing *County of Suffolk v. Stone & Webster Eng'g Corp.*, 106 F.3d 1112, 1117 (2d Cir.1997)). Thus, a party who could have sought review of an issue or a ruling during a prior appeal is deemed to have waived the right to challenge that decision thereafter. *Id.* In his initial appeal, Shafer argued that his conviction should be overturned because the false statements in question were made to a state agency and therefore did not pertain to a matter within the jurisdiction of a federal agency. Shafer could have raised his insufficiency of the evidence argument in his initial appeal, but failed to do so; therefore, he waived his right to raise the issue before this court on appeal after remand. *See id.*

■ Similarly, Shafer's second and third issues on appeal are not properly before the court by application of the mandate rule. Shafer argues that the district court improperly counted as relevant conduct the uncharged underpayment of Davis–Bacon wages on government contract jobs in

which his company was a sub-contractor, and the district court improperly ordered restitution. The basic tenet of the mandate rule is that a district court is bound to the scope of the remand issued by the court of appeals. *United States v. Campbell,* 168 F.3d 263, 265 (6th Cir.), *cert. denied,* 528 U.S. 882, 120 S.Ct. 195, 145 L.Ed.2d 164 (1999). The rule instructs that the district court is without authority to expand its inquiry beyond the matters forming the basis of the appellate court's remand. *Id.*

This court issued a limited remand that precluded the district court from considering Shafer's second and third issues. The standard for evaluating a remand is whether this court's mandate to the district court was so narrow in scope as to preclude the district court from considering a particular issue. *Moored,* 38 F.3d at 1421. A limited remand informs the district court that a discrete issue has caused the need for review, but that complete reconsideration on resentencing is unnecessary and unwarranted. *Campbell,* 168 F.3d at 266. A limited remand must convey clearly the intent to limit the scope of the district court's review by outlining the procedure the district court is to follow, articulating the chain of intended events, and leaving no doubt as to the scope of the remand. *Id.* at 267–68.

In Shafer's initial appeal, the court's opinion identified the discrete issue, i.e., "whether the relevant conduct provision of § 1B1.3(a)(2) only provides for the consideration of criminal conduct or whether this provision also provides for the consideration of conduct that is not of a criminal nature." *Shafer,* 199 F.3d at 830. The court explicitly held that the district court should not have included Shafer's Fair Labor Standards Act violations for non-government contracts in its sentencing calculation. *Id.* at 831–32. Accordingly, the court outlined the procedure the district

court was to follow, and the chain of intended events, by instructing the district court to recalculate Shafer's relevant conduct provision excluding the amount of money Shafer failed to pay his workers for their overtime work on non-government contracts, and to resentence Shafer consistent with the court's opinion. *Id.* at 832. In light of the court's limited remand, Shafer's second and third issues are not properly before the court on appeal by application of the mandate rule.

■ Shafer's fourth appellate issue is not properly before the court, and is unavailing in any event. Shafer contends that the district court should have given him credit for his prison "good-time" against the imposed period of supervised release. The issue is not properly before the court because Shafer made no motion for a modification of his sentence, nor did he submit any evidence or proof of good-time credits. Even if he had made a proper motion with sufficient proof, Shafer's contention is unavailing because his purported excess time in prison is not interchangeable with his term of supervised release. *See United States v. Johnson,* 529 U.S. 53, 60, 120 S.Ct. 1114, 146 L.Ed.2d 39 (2000).

Accordingly, we hereby affirm the district court's judgment pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit.