**Joseph MYLANT and Thomas Null Defendants–Appellants,**

v.

**UNITED STATES of America Plaintiff–Appellee.**

No. 01–3254, 01–3280.

United States Court of Appeals, Sixth Circuit.

Sept. 24, 2002.

Before RYAN and BOGGS, Circuit Judges; HAYNES, District Judge.*

HAYNES, District Judge.

Defendants–Appellants Joseph Mylant and Thomas Null appeal the district court's judgment re-sentencing them on their original jury convictions under 18 U.S.C. § 924(c). Defendants assert that the district court's sentences on remand are inconsistent with this court's prior rulings in these defendant's initial appeals, reversing their convictions under Section 924(c) for carrying machine guns during this attempted robbery. For the reasons set forth below, we AFFIRM the district court's judgment.

The United States charged the Defendants, Joseph Mylant and Thomas Null, in a three count indictment for the attempted robbery of a Brinks truck. The indictments charged violations of 18 U.S.C. § 1951, conspiring to obstruct interstate commerce by threats of force and violence; 18 U.S.C. § 2113, attempted bank robbery; and 18 U.S.C. § 924(c), carrying or use of a firearm during the commission of a crime of violence. For the Section 924(c) charges, the indictment listed the firearms found in the Defendants' possession in connection with the robbery, including two semiautomatic AK–47s. The indictment, however, did not list any of the firearms as machine guns or fully automatic weapons. Yet, at trial, the government presented evidence that the two AK–47s had been converted to fully automatic weapons and were carried by the defendants during the attempted robbery. The district court allowed the jury to consider use of the machine guns among the weapons for the Section 924(c) charge.

---

* The Honorable William J. Haynes, Jr., United States District Judge for the Middle District of Tennessee, sitting by designation.

The jury found the defendants guilty on all counts. The jury's verdict included special interrogatories, and in one interrogatory answer, the jury identified six firearms that were carried by the defendants in relation to the attempted bank robbery. The jury also found that two of the semiautomatic assault rifles that were listed in the indictment were, in fact, "machine guns." Based upon the jury's finding of the use of fully automatic weapons, at sentencing, the district judge imposed a thirty-year sentence on the section 924(c) charge for the two machine guns, that being the highest sentence for the weapons identified by the jury's verdict.

On the defendants' initial appeal, we reversed the jury's finding of "machine guns" as the basis for the defendants' convictions. We concluded this latter finding constituted an effective amendment of the indictment in violation of the defendants' Fifth Amendment right to a grand jury indictment on those particular weapons. In summary, our opinion reads as follows:

> Because the type of weapons used in the section 924(c)(1) charge is an element of the offense, *the proceedings below violated the defendants' Fifth Amendment rights, and they should not have been prosecuted for using or carrying machine guns in connection with their other crimes without first obtaining a proper indictment from a grand jury. Therefore, we must reverse the defendants' convictions under 18 U.S.C. § 924(c)(1).*

> ... In summary, we AFFIRM Null's and Mylant's convictions under 18 U.S.C. § 1951 and 18 U.S.C. § 2113, *REVERSE both defendants' convictions under 18 U.S.C. § 924(c)(1),* VACATE the sentence as to both defendants, *and REMAND this case for further proceedings.*

*United States v. Null,* Nos. 98–4184/99–3714, 2000 WL 1597864, *8 (6th Cir. Oct.18, 2000) (unpublished disposition) (emphasis added).

After issuance of the opinion, the government petitioned for a rehearing, in essence, asking the court to clarify its ruling so that the defendants' convictions under 18 U.S.C. § 924(c) for carrying the semiautomatic weapons would be reinstated and only the thirty-year sentence for carrying machine guns would be vacated. We denied the petition.

Upon remand, the district court re-sentenced defendants on the attempted bank robbery and conspiracy charges, but also resentenced each defendant to ten years for use of semi-automatic assault weapons during the robbery, as found by the jury. The district court did not interpret this court's earlier ruling on the machine guns to affect the jury's other findings on the defendants' use of semi-automatic weapons during the attempted robbery. The district court stated:

> I believe that the Sixth Circuit only intended to reverse that portion of the conviction to the extent that this defendant was convicted of possessing a machine gun and was only intending to reverse that portion of the sentence to the extent this defendant was sentenced for possession of a machine gun under the law.

> I do not believe that the Sixth Circuit would have reached to vacate a conviction that was never challenged before it or to vacate a conviction which on its face was so clearly supported by the indictment and by the evidence and, as I said, as to which there was no argument presented by the defendant or no argument to attack it presented by the defendant.

> Therefore, I do not read the Sixth Circuit's decision in what I believe to be

the irrational way that you have asked me to read it, and I believe that what the Sixth Circuit has said is that the 30-year sentence for possession of a machine gun is inappropriate and that the Court must sentence this defendant based on the actual convictions, which are Counts 1 and 2 and Count 3 limited solely to the six weapons identified in the indictment.

We agree.

As to whether this court's reversals of their section 924(c) convictions extended to all weapons listed in the jury's verdict, defendants argue that in reversing the section 924(c) convictions, this court never stated that its reversals of the section 924(c) convictions were limited *only to the machine guns.* Further, the defendants contend that this court refused to clarify or limit its ruling to the machine guns as the government requested. Thus, the defendants argue that this court, in effect, reversed all of their section 924(c) convictions and upon remand, that the district court lacked any section 924(c) convictions for which to sentence the defendants. The government responds that as a matter of law, the court's reversals simply reinstated the semi-automatic weapons convictions for the vacated machine guns convictions.

Under *United States v. Sims,* 975 F.2d 1225, 1235–36 (6th Cir.1992), if an indictment contains a substantive offense and separate counts under section 924(c), the district court must consolidate those § 924(c) counts either pre- or post-trial. The district court can consolidate these claims by submitting special interrogatories to the jury to specify which categories of weapons the jury finds the defendant used or carried during the crime of violence or drug trafficking offense. If there is more than one conviction under Section 924(c), the convictions are to be merged after the trial, with sentence imposed on the weapon that has the highest sentence. *Id.* In this Circuit, where the evidence establishes use of the multiple weapons, a defendant still "has committed only a single violation of § 924(c)(1) when he uses multiple firearms" in drug trafficking or other crime of violence. *United States v. Taylor,* 13 F.3d 986, 992 (6th Cir.1994).

Here, consistent with *Sims,* the district court properly submitted interrogatories to the jury on which weapons the jury found the defendants to have carried during the attempted robbery. The jury found the defendants to have carried three semi-automatic assault weapons and three pistols in relation to this crime of violence as alleged in the indictment, but impermissibly found that two of those weapons had been converted to fully automatic weapons. In accordance with *Sims,* the district court consolidated the defendants' section 924(c) convictions into a thirty-year sentence for the machine guns.

We address first the effect of our reversals and the permissible scope of our mandate on remand. In our rulings in the defendants' initial appeals, we limited our discussion to the defendants' machine gun convictions. Our reversal was based only on the jury's finding of machine guns. We did not address the jury's findings on semi-automatic weapons convictions that were not raised in that appeal.

Mandates of this Court are authorized by 28 U.S.C. § 2106[2] and can be general or limited mandates. Absent express re-

---

**2.** Section 2106 provides: "The Supreme Court or any other court of appellate jurisdiction may affirm, modify, vacate, set aside or reverse any judgment, decree, or order of a court lawfully brought before it for review, and may remand the cause and direct the entry of such appropriate judgment, decree, or order, or require such further proceedings to be had as may be just under the circumstances."

strictions, "the remand order is presumptively a general one." *United States v. Moore*, 131 F.3d 595, 598 (6th Cir.1997). For sentencing proceedings, the scope of a general mandate of reversal does not necessarily preclude consideration of related issues. "When a district judge sentences a defendant after a remand, the judge is permitted to revisit the entire sentencing procedure, unless she is restricted in her review by the remand order." *United States v. Rodgers*, 278 F.3d 599, 602 (6th Cir.2002) (citation omitted). In a word, a "general remand allows the district court to resentence the defendant *de novo.*" *Moore*, 131 F.3d at 597. Unless restricted by the mandate or remand order, the district court "remains free to rely upon 'any legitimate factors' in sentencing, provided the court does not act vindictively." *Rodgers*, 278 F.3d at 602 (quoting *United States v. Bond*, 171 F.3d 1047, 1048 (6th Cir. 1999)). In contrast to a limited remand, this Court "must convey clearly the intent to limit the scope of the district court's review by outlining the procedure the district court is to follow, articulating the chain of intended events, and leaving no doubt as to the scope of the remand." *United States v. Shafer*, 23 Fed.Appx. 380, 2001 WL 1450750 (6th Cir.2001) (unpublished). In either instance, "[t]he mandate rule is a rule of policy and practice, not a jurisdictional limitation ...." *United States v. Moore*, 83 F.3d 1231, 1234 (10th Cir.1996).

Consistent with *Sims*, the district court had to merge the jury's answers to the verdict interrogatories on the Section 924(c)[3] charge into a single conviction, and upon sentencing, the district court had to sentence for the weapon with the most severe punishment. *Sims*, 975 F.2d at 1235, 1236. Under *Sims*, the jury's ver-

dict on the defendants' conviction for use of semi-automatic weapons in the attempted armed robbery were merged with the machine gun convictions, but those lesser convictions were not "merged out of existence."

Where the more serious conviction is set aside on appeal and the mandate and/or opinion lacks any restrictions, on remand, a district court can reinstate and impose the sentence for the lesser included conviction. In *United States v. Hunt*, No. 79–3114, 1998 WL 432475, at *6 (6th Cir. July 15, 1998) (unpublished opinion), we "REVERSED" a conviction for armed bank robbery, but remanded for sentencing for robbery upon finding "sufficient evidence to convict on the lesser included offense of unarmed bank robbery." In *United States v. Ward*, 37 F.3d 243, 251 (6th Cir.1994), we ruled that "[t]he district court [had] properly merged the conspiracy count with the [continuing criminal enterprise] count following the verdict...." In *Ward*, our conclusion was that "[w]e REVERSE the [continuing criminal enterprise] conviction," but we remanded for resentencing because "the conspiracy conviction should be reinstated if we reverse[ ] the [continuing criminal enterprise] conviction." *Id.*

The Second Circuit likewise has reinstated a lesser included offense as found by the jury for convictions under Section 924(c). The Second Circuit's general rule is that when a Section 924(c) conviction is set aside, then any conviction that is permissible under the jury's verdict as to other weapons, giving rise to a lesser offense, is revived, as a matter of law. *United States v. Lindsay*, 985 F.2d 666, 670 (2d Cir.1993) ("[W]hen the sentencing court has imposed a separate sentence on a lesser-included charge, we have vacated that sentence, but we generally have declined

---

**3.** Since the district court proceedings, 18 U.S.C. § 924(c) has been amended, and the

interpretation of this section may not apply to subsequent cases.

to vacate the lesser-included conviction. Instead, we have remanded ... so that the lesser-included conviction may be 'combined' with the conviction on the greater offense, although it is not 'merged out of existence.'"). The Second Circuit in *Lindsay* explained that without this rule, there is, as here, "the possibility that the greater offense on which the district court imposed judgment on remand [is] reversed, and thereby permit[ing] the defendant to completely escape punishment for his crime." *Id.* at 671 (citing *United States v. Aiello,* 771 F.2d 621, 634 (2d Cir.1985)). This Circuit cited *Lindsay* approvingly as to the single conviction rule under § 924(c). *United States v. Taylor,* 13 F.3d 986, 993 (6th Cir.1994).

In sum, consistent with *Hunt* and *Ward,* on remand, the district court could reinstate the jury's convictions of the Defendants for their use of the semi-automatic weapons despite our reversal of the machine gun convictions. Nothing in our reversal or mandate barred the district court's resentencings at issue here.

As to the cited effect of our denial of the government's petition for clarification, that summary ruling lacks any precedential or inferential value. "[C]ourt of appeals' denial of request for clarification carries 'no inferential weight.'" *Exxon Chemical Patents, Inc. v. Lubrizol Corp.,* 137 F.3d 1475, 1479 (Fed.Cir.1998) (citing *Laitram Corp. v. NEC Corp.,* 115 F.3d 947, 951 (Fed.Cir.1997)). As the Federal Circuit observed, "the general rule [is] that, following appellate disposition, a district court is free to take any action that is consistent with the appellate mandate, as informed by both the formal judgment issued by the court and the court's written opinion." 137 F.3d at 1484. In *United States v. Cote,* 51 F.3d 178, 181–82 (9th Cir.1995), the Ninth Circuit reversed a conviction for an improper jury instruction.

On remand, the district court refused to order a new trial because, in its view, the Ninth Circuit's "reversal" barred a retrial. On appeal by the government, the Ninth Circuit reversed and allowed the retrial because its reversal on the earlier appeal did not address the sufficiency of the evidence.5

As pertinent here, in *Cote,* the government also filed a petition to clarify that a retrial could be held on remand. *Id.* at 180. The Ninth Circuit "summarily denied the petitions for rehearing without any reference to the government's request that the *Cote* case be remanded." *Id.* In concluding that its summary denial lacked any precedential effect, the Ninth Circuit stated: "The summary denial of the petition does not indicate the court considered and decided the issue presented by the government in the footnote annexed to its rehearing argument." *Id.* at 181. The Ninth Circuit then stated "summary denial of rehearing en banc is insufficient to confer any implication or inference regarding the court's opinion relative to the merits of a case." *Id.* at 181 (quoting *Luckey v. Miller,* 929 F.2d 618, 622 (11th Cir.1991)). Similarly, neither our earlier opinion, nor the mandate, nor denial of the government's petition for clarification addressed the jury's verdict on the other weapon convictions. Our denial of the earlier petition for clarification in the initial appeal, regardless of the government's arguments therein, lacks any precedential or inferential value.

We see nothing inconsistent with this Court's reversals on the initial appeal that bars the district court's reinstatement of the defendants' convictions of the semi-automatic weapons, lesser offenses under 18 U.S.C. § 924(c), for which the jury clearly convicted the defendants.

For these reasons, we AFFIRM the 10-year sentences imposed by the District

Court for the defendants' carrying semi-automatic weapons in violation of 18 U.S.C. § 924(c), as found by the jury.