## KOSAK v. UNITED STATES.
### No. 4399.

Circuit Court of Appeals, Third Circuit.

Sept. 29, 1931.

For former opinion, see 46 F.(2d) 906.

W. T. Connor, of Philadelphia, Pa., for appellant.

Michael J. Stoney, Asst. U. S. Atty., of Philadelphia, Pa.

Before WOOLLEY and DAVIS, Circuit Judges, and JOHNSON, District Judge.

WOOLLEY, Circuit Judge.

In this appeal the judgment of conviction was reversed not for want of evidence to sustain it but for error in the charge. The mandate noted reversal of the judgment without specifically directing a venire de novo. When the case came to be listed for re-trial in the District Court, the defendant objected on the ground that the judgment of reversal was the legal equivalent of a judgment of acquittal and that, accordingly, a re-trial would subject him to double jeopardy. Thereupon the government moved this court to recall the mandate and amend it by directing a new trial. A hearing was had on the power of the court to recall its mandate within the term and amend it as requested.

The authorities are conflicting as to the power of appellate courts to recall and amend their mandates, differing, as we read them, very much according to the purpose for which a recall is intended. One line of cases holds that when an appellate court sends down its mandate to a trial court, finally disposing of all matters under review, the appellate court cannot recall the case for rehearing and new decision. That, however, is not this case. In contrast to this generally accepted rule another line of cases holds that when a mandate contains or omits matter not intended, as when something has crept in or been left out through inadvertence, accident or mistake, an appellate court may recall it within the term and correct it in accordance with the judgment actually rendered.

We find no mistake in the simple entry of "judgment reversed" without a direction for a new trial occurring in the mandate in question. Hence we cannot recall the mandate to correct a mistake which is not there, nor, had we the power, are we inclined through amendment to make certain by express words what in law the words themselves imply. In some cases of reversal a re-trial is necessarily intended, and, not involving double jeopardy, is lawful without express direction for a venire de novo, as where a reversal procured on appeal by the defendant himself does not go to the roots of the case and otherwise where the grounds

of reversal, as disclosed by the opinion of the reviewing court, show the need and right of a second trial. Regarding Steinman v. United States (C. C. A.) 185 F. 47, to be the law of this circuit on the subject, we deny the motion to recall and amend the mandate and leave the District Court free to act in conformity with the opinion and judgment of this court.