**UNITED STATES of America,**
**Plaintiff–Appellant,**

v.

**Martin J. COTE; Patricia S. Caldwell,**
**Defendants–Appellees.**

No. 93–30441.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 13, 1995.

Decided March 16, 1995.

Order Amending Opinion and Denying Rehearing and Suggestion for Rehearing En Banc June 2, 1995.

Loretta C. Argrett, Asst. Atty. Gen. and Karen Quesnel, Asst. Atty. Gen., Tax Div., U.S. Dept. of Justice, Washington, DC, for plaintiff-appellant.

Stephen R. Sady, Chief Deputy Federal Public Defender, Portland, OR, Edward P. Davis, Jr., Pillsbury, Madison & Sutro, San Jose, CA, for defendants-appellees.

Before: PREGERSON and TROTT, Circuit Judges, and FITZGERALD,* Senior District Judge.

* The Honorable James M. Fitzgerald, Senior United States District Judge for the District of Alaska, sitting by designation.

TROTT, Circuit Judge:

## OVERVIEW

The United States appeals the district court's order denying its motion to set for retrial the cases of Patricia Caldwell and Martin Cote (collectively, the "defendants"), whose criminal convictions were reversed by decisions of this court. The district court concluded it lacked the authority to retry the defendants because the respective decisions and mandates directing the reversal of the defendants' convictions omitted an explicit order remanding the cases. We reverse and remand.

## BACKGROUND

The defendants were charged with conspiracy to defraud the United States by obstructing the lawful functions of the Internal Revenue Service. They were eventually convicted after separate jury trials. The defendants appealed their convictions, and a panel of this court reversed after concluding that the district court erred by failing to instruct the jurors on an essential element of the crime charged. *United States v. Caldwell,* 989 F.2d 1056, 1060–61 (9th Cir.1993); *United States v. Cote,* 990 F.2d 1261 (9th Cir.1993) (reversing Cote's conviction for the reasons stated in the *Caldwell* opinion). The court ordered the defendants' convictions reversed, but did not order the cases remanded for further proceedings.

The government petitioned the court for a rehearing of both cases, and included a footnote in the *Cote* petition stating:

We note that at the conclusion of the panel's order, only the word "Reversed" appears. But, as the panel noted in its opinion in *Caldwell,* [989 F.2d at 1061], the Government is free to retry the defendants. We therefore respectfully request, that in the event the petition is denied, the panel's opinion be modified to reflect that the case is remanded to the District Court for retrial.

The court summarily denied the petitions for rehearing without any reference to the government's request that the *Cote* case be remanded. Mandates issued on August 25, 1993, and September 9, 1993, ordering the judgment of the district court reversed. On September 29, 1993, the government filed a motion in the district court asking the court to set a date for the joint retrial of the defendants. On November 10, 1993, the district court denied the motion after opining that it lacked the authority to retry the defendants. The district court based its conclusion on the absence of an order in the mandates remanding the defendants' cases for further proceedings.

## DISCUSSION

### A. Jurisdiction

■ The defendants initially challenge the jurisdiction of this court to entertain the government's appeal. Unless Congress has specifically provided otherwise, a government appeal of a criminal case must satisfy two statutory requirements. *United States v. Dior,* 671 F.2d 351, 354–55 (9th Cir.1982). First, the decision rendered by the lower court must be a "final judgment" within the meaning of 28 U.S.C. § 1291. *Id.* at 354. Defendants concede the district court's decision in this case was a final judgment. Second, the government's appeal must be authorized by 18 U.S.C. § 3731. *Id.* at 355. That statute states in part:

In a criminal case an appeal by the United States shall lie to a court of appeals from a decision, judgment, or order of a district court dismissing an indictment or information or granting a new trial after verdict or judgment ... except that no appeal shall lie where the double jeopardy clause of the United States Constitution prohibits further prosecution.

18 U.S.C. § 3731. The defendants argue that the government's appeal from the district court's denial of the motion to set a date for retrial does not fit within the authorization provided by § 3731. We think the defendants read the statute too narrowly.

■ The Supreme Court has determined that by amending § 3731 in 1970 "Congress intended to remove all statutory barriers to Government appeals and to allow appeals whenever the Constitution would permit." *United States v. Wilson,* 420 U.S. 332, 337, 95 S.Ct. 1013, 1019, 43 L.Ed.2d 232 (1975); *accord Dior,* 671 F.2d at 355. Indeed, we have previously held that "[a]n order which is

'tantamount to the dismissal of an indictment is ... appealable under section 3731, though not labeled a dismissal.'" *United States v. Lee,* 786 F.2d 951, 955 (9th Cir.1986) (quoting *United States v. Tranowski,* 702 F.2d 668, 670 (7th Cir.1983), *cert. denied,* 468 U.S. 1217, 104 S.Ct. 3586, 82 L.Ed.2d 884 (1984)). That is precisely the case here. By refusing to set a date for retrial, the district court effectively precluded the government's prosecution of the defendants. The district court's order denying the government's motion was "tantamount to dismissal of an indictment." We thus conclude that the government's appeal is authorized by § 3731 and that our jurisdiction over the case is proper.[1]

**B. Law of the Case**

■ Defendant Cote next argues that the law of the case doctrine bars our consideration of the government's appeal. He contends that in the footnote appended to the government's petition for rehearing, the government already asked for, and was denied, permission to retry his case.[2]

"The law of the case doctrine states that the decision of an appellate court on a legal issue must be followed in all subsequent proceedings in the same case." *Herrington v. County of Sonoma,* 12 F.3d 901, 904 (9th Cir.1993) (internal quotations omitted). Because the purpose of the doctrine is to promote judicial finality, it necessarily follows that the law of the case acts as a bar only when the issue in question was actually considered and decided by the first court. *See Moore v. Jas. H. Matthews & Co.,* 682 F.2d 830, 834–35 (9th Cir.1982) (explaining that law of the case principles are analogous to res judicata). Although the doctrine applies to a court's "explicit decisions as well as those issues decided by necessary implication," *Eichman v. Fotomat Corp.,* 880 F.2d 149, 157 (9th Cir.1989) (internal quotations omitted), it "clearly does not extend to issues an appellate court did not address," *Luckey v. Miller,* 929 F.2d 618, 621 (11th Cir.1991).

The government contends that the *Cote* court's denial of the petition for rehearing does not imply any judgment on the merits of the government's request for an order remanding the case. We agree. The summary denial of the petition does not indicate the court considered and decided the issue presented by the government in the footnote annexed to its rehearing argument. *See id.* at 622 (holding that "a summary denial of rehearing en banc is insufficient to confer any implication or inference regarding the court's opinion relative to the merits of a case"). Because the law of the case doctrine does not foreclose consideration of the question raised by this appeal, we next consider whether the district court erred in denying the government's motion to set a retrial date.

**C. The Rule of Mandate and Double Jeopardy**

The district court believed it lacked the authority to retry the defendants because the mandates reversing defendants' convictions did not include an order remanding the cases. In reaching its decision, the district court relied on the so-called mandate rule.

■ The rule of mandate is similar to, but broader than, the law of the case doctrine. *Herrington,* 12 F.3d at 904. A district court, upon receiving the mandate of an appellate court "cannot vary it or examine it for any other purpose than execution." *In re Sanford Fork & Tool Co.,* 160 U.S. 247, 255, 16 S.Ct. 291, 293, 40 L.Ed. 414 (1895); *accord Stamper v. Baskerville,* 724 F.2d 1106, 1107 (4th Cir.1984). Thus, a district court could not refuse to dismiss a case when the mandate required it, *Stamper,* 724 F.2d at 1107–08, and a district court could not revisit its already final determinations unless the mandate allowed it, *see United States v. Lewis,* 862 F.2d 748, 750 (9th Cir.1988), *cert. denied,* 489 U.S. 1032, 109 S.Ct. 1169, 103 L.Ed.2d 227 (1989). Similarly, in the present case the district court could not entertain a proceeding inconsistent with the reversal of the defendants' convictions. But because the mandates did not contain an order dismissing the

1. The government argues in the alternative that mandamus relief is appropriate; because we conclude the government's appeal is authorized by § 3731, we need not reach this issue.

2. In the footnote to its petition for rehearing, the government requested "that in the event the petition is denied, the panel's opinion be modified to reflect that the case is remanded to the District Court for retrial."

cases or an order directing acquittal, a second trial was not necessarily prohibited.[3]

■ Once a mandate issues, jurisdiction over a criminal case revests in the district court. *Cf. Gould v. Mut. Life Ins. Co.*, 790 F.2d 769, 772–73 (9th Cir.) (holding that the district court properly assumed jurisdiction over a post-judgment motion once the court of appeals issued its mandate), *cert. denied*, 479 U.S. 987, 107 S.Ct. 580, 93 L.Ed.2d 582 (1986). Thereafter, "the [lower] court may consider and decide any matters left open by the mandate of [the] court." *Sanford*, 160 U.S. at 256, 16 S.Ct. at 293; *accord Herrington*, 12 F.3d at 904. Furthermore, "[t]he opinion delivered by [the] court at the time of rendering its decree may be consulted to ascertain what was intended by its mandate." *Sanford*, 160 U.S. at 256, 16 S.Ct. at 293; *accord Piambino v. Bailey*, 757 F.2d 1112, 1119 (11th Cir.1985), *cert. denied*, 476 U.S. 1169, 106 S.Ct. 2889, 90 L.Ed.2d 976 (1986). Accordingly, unless the reversing court indicates in its mandate or opinion that a retrial is prohibited because of double jeopardy or a similar infirmity, a second trial is appropriate. *See Tranowski*, 702 F.2d at 669–70 (holding that the reversal of the defendant's conviction, without remanding, does not bar a second trial where there is no violation of the double jeopardy clause); *Federal Reserve Bank v. Ocean City*, 93 F.2d 519, 519 (3rd Cir.) (stating that a mandate which orders a judgment reversed may imply direction for a new trial), *cert. denied*, 302 U.S. 752, 58 S.Ct. 281, 82 L.Ed. 581 (1937); *Kosak v. United States*, 54 F.2d 72, 72 (3rd Cir.1931) (holding that a reversal of criminal conviction implies

a remand for retrial unless it is barred by double jeopardy or is otherwise unlawful).

■ The only question pertinent to a resolution of the present case is whether a second trial is barred by the double jeopardy clause.[4] The double jeopardy clause bars a retrial on the same charge "when a defendant's conviction is reversed by an appellate court on the sole ground that the evidence was insufficient to sustain the jury's verdict." *Lockhart v. Nelson*, 488 U.S. 33, 39, 109 S.Ct. 285, 289, 102 L.Ed.2d 265 (1988). We must determine, therefore, on what grounds the defendants' convictions were reversed.

■ The *Caldwell* opinion, 989 F.2d 1056, although not entirely free of ambiguity, adequately demonstrates that the panel reversed the defendants' convictions because of incorrect jury instructions, not because the evidence was insufficient to sustain a conviction.[5] The panel specifically stated: "Caldwell might indeed have conspired to obstruct the government by deceitful or dishonest means; the government may still try to prove this by retrying her before a properly instructed jury." *Caldwell*, 989 F.2d at 1061. The defendants place much emphasis on the sentence following the above quote: "But what the government actually did prove— that Caldwell conspired to make the IRS's job harder—just isn't illegal." *Id.* All that sentence stands for, however, is given the improper jury instruction, Caldwell was not convicted of any crime; it does not indicate the court thought a second trial was inappropriate or there was insufficient evidence to convict.

■ Any doubt as to the rationale underpinning the panel's decision is dispelled by

3. The defendants also contend that 28 U.S.C. § 2106 requires an appellate court to remand a case before a retrial is permitted. The purpose of § 2106, however, is to provide a reviewing court with the authority to order further proceedings; it does not require the court to remand before further proceedings can occur. *Cf. U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership*, —— U.S. ——, 115 S.Ct. 386, 389–90, 130 L.Ed.2d 233 (1994) (explaining that by enacting § 2106 Congress "authorize[d] us to enter orders necessary and appropriate to the final disposition of a suit that is before us for review").

4. Defendants also contend a second trial is prohibited by the Speedy Trial Act, 18 U.S.C. § 3161(e). However, 18 U.S.C. § 3161(h)(1)(F) specifically excludes from the statute's time limits any delay resulting from any pretrial motion. The government's motion to set a trial date and the delay caused by the district court's denial of that motion come within the pretrial exclusion provided by § 3161(h)(1)(F). *See United States v. Stafford*, 697 F.2d 1368, 1372 (11th Cir.1983).

5. The *Cote* memorandum disposition expressly incorporates the reasoning of the *Caldwell* decision. *Cote*, 990 F.2d 1261.

considering the *Cote* disposition. The panel explained that Cote's conviction was "reverse[d] for the reasons stated in *United States v. Caldwell* ... also filed today. Essentially the same incorrect jury instruction was given here as was given in *Caldwell.*" *Cote,* 990 F.2d 1261. A reversal of a criminal conviction based on an incorrect jury instruction does not foreclose a second trial. *See Lockhart,* 488 U.S. at 40, 109 S.Ct. at 290 (holding that a reversal based on "trial error" does not bar a retrial).

We therefore reverse and vacate the order denying the government's motion to set for retrial the cases of the defendants, and we remand for further proceedings consistent with this decision. We regret having led the district court astray by our earlier failure to use the simple words that would have obviated this problem.

REVERSED and REMANDED.

#### ORDER

#### June 2, 1995

The opinion filed on March 16, 1995, slip op. 2889, and appearing at 51 F.3d 178 (9th Cir.1995) is amended by deleting the text of footnote 3 and by replacing it with the following:

[Editor's Note: Amendments incorporated for purpose of publication.]

With these amendments, the panel has voted unanimously to deny the petition for rehearing.

The full court has been advised of the suggestion for rehearing en banc and no active judge has requested a vote on whether to rehear the matter en banc. Fed.R.App.P. 35.

The petition for rehearing is denied and the suggestion for rehearing en banc is rejected.