UNITED STATES of America,
Plaintiff—Appellee,

v.

Robert M. SCHARRINGHAUSEN,
Defendant—Appellant.

No. 00–50261.
D.C. No. CR–96–00415–MLH.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 16, 2001 *.

Decided Feb. 22, 2001.

Before TASHIMA and FISHER, Circuit Judges, and ZILLY, District Judge.**

MEMORANDUM ***

Appellant Robert Scharringhausen appeals the district court's denial of his motion to vacate his bankruptcy fraud conviction. He argues his conviction is unconstitutional because of a defect in the jury instructions.

This is Scharringhausen's second round of direct appeals. In his first appeal, he

---

\* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

\*\* Honorable Thomas S. Zilly, United States District Judge for the Western District of Washington, sitting by designation.

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

challenged his conviction arguing that there was insufficient evidence. The government cross-appealed, challenging the sentence Scharringhausen received. This Court upheld Scharringhausen's conviction and agreed with the government that he should have received a two-level sentencing enhancement. *United States v. Scharringhausen*, No. 97–50630, 1999 WL 811337, slip op. at 2, (9th Cir. Oct. 7, 1999). We affirmed in part, and reversed and remanded in part for the imposition of the sentencing enhancement.

In that decision we stated there was "an (unobjected to) defect in the jury instructions" regarding whether false statements had to be made knowingly and fraudulently. *Id.* at 4. It is that defect that Scharringhausen challenged in the district court after remand and now here.[1] The government argues, among other things, that the district court lacked jurisdiction to hear this issue because it was outside of the mandate.

■ Under the rule of mandate, "a district court, upon receiving the mandate of an appellate court 'cannot vary it or examine it for any other purpose than execution.'" *United States v. Cote*, 51 F.3d 178, 181 (9th Cir.1995) (quoting *In re Sanford Fork & Tool Co.*, 160 U.S. 247, 255, 16 S.Ct. 291, 40 L.Ed. 414 (1895)). "Thus, a district court could not refuse to dismiss a case when the mandate required it, and a district court could not revisit its already final determinations unless the mandate allowed it." *Id.* (internal citations omitted). "The ultimate task is to distinguish matters that have been decided on appeal, and are therefore beyond the jurisdiction of the lower court, from matters that have not . . . ." *United States v. Kellington*, 217 F.3d 1084, 1093 (9th Cir.2000).

■ The Court's prior opinion conclusively affirmed Appellant's conviction, even though the Court was expressly aware of the jury instruction issue when it determined whether there was sufficient evidence to find that Scharringhausen had specific intent fraudulently to conceal assets. Indeed, it was this Court that identified the instruction defect in the first instance. The Court, nonetheless, affirmed Scharringhausen's conviction, and "reversed and remanded in part" solely to correct the district court's sentencing error. The mandate specifically instructed that "[u]pon remand, the district court is to impose the two-point upward adjustment mandated by § 2F1.1(b)(3)(B)." The district court could not have vacated Appellant's conviction *and* complied with our mandate of imposing a sentence enhancement.[2] Therefore, the district court lacked jurisdiction to reverse Scharringhausen's conviction and correctly denied his motion to do so.

AFFIRMED.

■

---

1. Scharringhausen did not object to the jury instructions at trial or in his first direct appeal. In fact, oddly enough, Scharringhausen does not believe there was a defect in the instructions. His argument is that, although he thinks the instructions are constitutionally sufficient, we found an error and based upon that error we must vacate his conviction.

2. *Kellington*, 217 F.3d at 1093 is distinguishable upon its facts. In *Kellington*, the issue considered after remand from the first appeal—the motion for a new trial—was presented to the district court prior to the first appeal and was not decided at that time because it was mooted by the district court's decision to grant an acquittal. *See id.* at 1091–92. Here, Appellant never raised the jury defect before or in his first appeal. As well, in *Kellington*, the first panel to consider the appeal may not have been aware of the mooted new trial motion and, in that case, could not have considered it. *Id.* at 1092.