Damon J. ERNST, Plaintiff—Appellant,

v.

WESTERN STATES CHIROPRACTIC
COLLEGE, an Oregon corporation,
Defendant—Appellee.

Damon J. Ernst, Plaintiff—Appellee,

v.

Western States Chiropractic College,
an Oregon corporation, Defendant—
Appellant.

Nos. 00–35735, 00–35739.

D.C. No. CV–96–01088–MA.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 4, 2002.

Decided June 26, 2002.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

**578**

Before FLETCHER, O'SCANNLAIN, and BERZON, Circuit Judges.

---

## MEMORANDUM *

Both parties appeal from orders by the district court. The plaintiff Damon Ernst appeals from an order denying him attorney fees. The defendant Western States Chiropractic College ("Western States") cross-appeals from an order denying its motion to review the jury's punitive damages award for excessiveness. In each situation, the district court denied the moving party's request on the ground that this court's disposition in *Ernst v. Western States Chiropractic College*, No. 97–36115, 1999 WL 993652 (9th Cir. Nov. 1, 1999) (*"Ernst I"*), precluded consideration of the motion. In so ruling, the district court misread the import of *Ernst I*. Because the parties are familiar with the facts of this case, we recount them only as necessary to explain our decision.

### A. Attorney Fees

*Ernst I* did not explicitly address any attorney fees issues. The district court, based on our silence on the fees issue and our determination to affirm the judgment only on the battery claim (which would not by itself support an award of fees to plaintiff), held that we had denied the attorney fees claim in *Ernst I*.

This divining of what *Ernst I* implicitly held is directly contradicted by what the disposition explicitly stated. Instead of ruling on Ernst's fee-generating Title IX claim, we made it clear in *Ernst I* that we did not reach the Title IX issue on the merits. *Ernst I*, 1999 WL 993652, at *2 ("we need not reach the arguments concerning Title IX raised by the parties"). Further, the only fees issue raised in the first appeal turned on whether the plaintiff was entitled to fees although no damages were awarded. That question was of no

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

consequence once we determined that damages should have been awarded. So our failure to address the attorney fees issue raised could not signal a determination to deny fees by silence. The denial of the motion to transfer plaintiff's motion for fees on appeal is of no pertinence either to the question whether the trial court had authority to consider a motion for trial court attorney fees.

Because we did not need to reach in *Ernst I* either the Title IX issue or the attorney fees issue in order to decide the issues before us, those issues remained open for consideration after reversal on the issues we did address. *See United States v. Kellington,* 217 F.3d 1084, 1093 (9th Cir.2000) ("While a mandate is controlling as to matters within its compass, on remand a lower court is free as to other issues.") (quoting *Sprague v. Ticonic Nat'l Bank,* 307 U.S. 161, 168–69, 59 S.Ct. 777, 83 L.Ed. 1184 (1939)). The district court's authority to consider open issues is not affected by the mandate's omission of the instruction that the case is remanded for further proceedings. *United States v. Cote,* 51 F.3d 178, 182 (9th Cir.1995). The district court therefore erred in failing to entertain the fees motion.

If the attorney fees issue is raised by the parties on remand, the district court should consider it at the appropriate time, including any arguments that either party makes regarding the applicability of *Maher v. Gagne,* 448 U.S. 122, 100 S.Ct. 2570, 65 L.Ed.2d 653 (1980), to the fees issue. *See also Mateyko v. Felix,* 924 F.2d 824, 828 (9th Cir.1990); *Hoopa Valley Tribe v. Nevins,* 881 F.2d 657, 661–62 (9th Cir. 1989).

*B. Punitive Damages*

The district court rejected Western States' post-trial motion seeking a determination that the jury's award was excessive, holding that our opinion in *Ernst I* precluded it from changing the award.

We did not in *Ernst I* consider whether the punitive damages award was excessive. The issue was not briefed at all by the parties, and the disposition contains absolutely no mention of that issue.

*Ernst I* does state that the "jury's award of punitive damages is sustainable wholly on its finding of battery," but that statement cannot fairly be read as a ruling on the excessiveness of the punitive damages award. The statement arose in the context of deciding whether the jury could award punitive damages when it finds a battery but awards no compensatory damages. The *Ernst I* panel determined that the jury could award punitive damages in this circumstance, stating that the jury's punitive damages award was sustainable "wholly" on its finding of battery. But to say that an award is sustainable "wholly" on the basis of battery—that is, without regard to the Title IX issue—is not the same as saying that it is "wholly" sustainable. So while *Ernst I* assuredly held that the jury could award *some* punitive damages, that does not mean that it decided whether the *amount* of the punitive damages award violates the due process standards outlined in *BMW of N. Amer., Inc. v. Gore,* 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996).

Second, neither the law of the case, nor the rule of mandate, nor any other legal principle suggests that Western States' position regarding the punitive damages issue in *Ernst I* prevents it from raising the excessiveness issue now. Ernst argues that Western States raised excessiveness in *Ernst I* and may not raise the issue again. As noted, Western States did *not* raise excessiveness in *Ernst I.* In the passages that Ernst points to from Western States' *Ernst I* brief to demonstrate otherwise, Western States argued only that

Ernst was not entitled to punitive damages at all.

 The district court recognized that Western States did not raise the excessiveness issue in *Ernst I*, but used this omission as a basis for holding that the defendant cannot argue that issue now. But Western States was not required to raise excessiveness in *Ernst I* in order to preserve that issue. At the time no punitive damage award was pending against Western States. An excessiveness argument would not have supported the judgment below, and a proper cross-appeal must attack some aspect of the judgment below, rather than attacking contingently the judgment that might result if the appellant prevails. *See United States v. Lewis County,* 175 F.3d 671, 679 (9th Cir. 1999). While the law of the case and the rule of mandate prevent further consideration of issues already decided, they do not prevent consideration of an issue that was left undecided and that a party had no obligation to raise in the earlier appeal.

Because we did not consider excessiveness in *Ernst I* and Western States has not waived the issue, it remains open for consideration. On remand, we direct the district court to consider Western States' arguments regarding the applicability of *Gore* if it reasserts them.

We retain jurisdiction over any future appeals in this matter.

REVERSED and REMANDED.

B. FLETCHER, Circuit Judge, concurring in part and dissenting in part.

B. FLETCHER, Circuit Judge.

I concur in the majority's treatment of the attorneys' fee issue.

I dissent from its remand on the punitive damages issue. The district court obeyed to a "T" the remand ordered by the prior panel: It awarded $1.00 in actual damages and reinstated the award of punitive damages in the amount of $150,000.

The exact language of the prior panel was:

> We reverse the district court, direct an award of nominal damages of $1.00 to Ernst and reinstate the jury's award of $150,000 in punitive damages

> Ernst argues that the district court should not have directed the jury to strike the $150,000 award in punitive damages. We agree.

> Ernst was entitled to nominal damages because the jury found the College had committed a battery against him, and these presumed or nominal damages are sufficient to support the jury's award of punitive damages.

It concludes: "Because the jury's award of punitive damages is sustainable wholly on its finding of battery, we need not reach the arguments concerning Title IX raised by the parties."

Western States cross-appealed in Ernst I. It did not challenge the amount of punitive damages awarded by the jury as excessive. Its argument was simply none should be awarded because there was no evidence to support either actual or punitive damages. It's now too late to raise excessiveness as a new and separate issue in Ernst II. The panel in Ernst I explicitly found "[t]he jury's award of punitive damages is sustainable wholly on its finding of battery." That should put the issue at rest.

We should not reverse the district court that faithfully followed the mandate laid down by our court.