UNITED STATES of America,
Plaintiff—Appellee,

v.

David CARO–GRIMALDO,
Defendant—Appellant.

No. 07–50486.

United States Court of Appeals,
Ninth Circuit.

Submitted July 22, 2008.*

Filed July 31, 2008.

Luella M. Caldito, Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Steven F. Hubachek, Esq., Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: B. FLETCHER, THOMAS, and WARDLAW, Circuit Judges.

## MEMORANDUM **

David Caro–Grimaldo appeals from the 34–month sentence imposed on resentencing following his guilty-plea conviction for being a deported alien found in the United States, in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Caro–Grimaldo contends that the district court erred under *Apprendi v. New Jersey,* 530 U.S. 466; 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), by enhancing his sentence based on his removal subsequent to a prior conviction, when his indictment did not allege the date of the prior removal. He further contends that the error was structural.

As a preliminary matter, we conclude that neither the scope of this Court's prior remand for resentencing nor the law of the case doctrine precludes review of Caro–

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Grimaldo's *Apprendi* challenge. *See United States v. Matthews*, 278 F.3d 880, 885–86 (9th Cir.2002) (en banc); *see also United States v. Cote*, 51 F.3d 178, 181 (9th Cir.1995). However, we reject Caro–Grimaldo's contention that the failure to allege the date of removal in his indictment constituted structural error, and we conclude that any error was harmless. *See United States v. Salazar–Lopez*, 506 F.3d 748, 751–56 (9th Cir.2007).

**AFFIRMED.**