**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSEPH AMAZIAH TRENTON, a.k.a. Clinton Joseph Slone, <br><br> Petitioner - Appellant, <br><br> v. <br><br> ATTORNEY GENERAL FOR THE STATE OF ARIZONA; CHARLES L. RYAN, <br><br> Respondents - Appellees. | No. 09-15377 <br><br> D.C. No. 3:05-cv-03362-MHM <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Mary H. Murguia, District Judge, Presiding

Submitted August 10, 2010[**]

Before:     LEAVY, HAWKINS, and IKUTA, Circuit Judges.

Joseph Amaziah Trenton appeals pro se from the district court's orders

dismissing his 28 U.S.C. § 2254 habeas petition and denying his motion for

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

reconsideration. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.

On remand from this Court, the district court dismissed as moot Trenton's habeas petition, which challenged the original calculation of his parole eligibility date. Trenton contends the district court erred by dismissing the petition and denying his subsequent motion for reconsideration because the Arizona Department of Corrections' subsequent recalculation of his release dates was also incorrect. However, the recalculated release dates are not the subject of Trenton's section 2254 petition or his original appeal. The issue of whether the recalculated release dates were erroneously calculated therefore has no bearing on whether the district court properly dismissed the petition.

The rule of mandate required the district court to dismiss the petition because this Court had determined that the only timely issue raised in the petition, whether the original parole-eligibility date was miscalculated, was moot. *See United States v. Thrasher*, 483 F.3d 977, 981-82 (9th Cir. 2007) ("'a district court could not refuse to dismiss a case when the mandate required it'") (quoting *United States v. Cote*, 51 F.3d 178, 181 (9th Cir. 1995)).

We construe Trenton's additional arguments as a motion to expand the certificate of appealability. So construed, the motion is denied. *See* 9th Cir. R. 22-1(e); *see also Hiivala v. Wood*, 195 F.3d 1098, 1104-05 (9th Cir. 1999) (per curiam).

**AFFIRMED.**