**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 29 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SHARON SELEINE,

            Plaintiff - Appellant,

  v.

FLUOR CORPORATION LONG-TERM
DISABILITY PLAN, an ERISA plan,

            Defendant - Appellee.

No. 09-55257

D.C. No. 8:07-cv-01214-VBK

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Victor B. Kenton, Magistrate Judge, Presiding

Argued and Submitted September 2, 2010
Pasadena, California

Before: KOZINSKI, Chief Judge, O'SCANNLAIN and GOULD, Circuit Judges.

      Sharon Seleine appeals from the district court's judgment in favor of the

Fluor Corporation Long-Term Disability Plan ("Plan") after a bench trial. The

Plan terminated Seleine's disability benefits after the administrator, Life Insurance

Company of North America ("LINA"), determined that she did not meet the Plan's

---

      [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

"any occupation" definition of disability.  The facts are known to the parties and will not be repeated here except to the extent necessary.

## I

Seleine contends that the district court misapplied the abuse-of-discretion standard of review by failing to accord sufficient weight to LINA's structural conflict.  Such conflict bears little weight, however, absent evidence that it "tainted the entire administrative decisionmaking process." *Montour v. Hartford Life & Accident Ins. Co.*, 588 F.3d 623, 631 (9th Cir. 2009).  The district court's conclusion that such evidence is lacking was not clearly erroneous.  Furthermore, even if Seleine were correct, remand would not be required given the district court's alternative holding that it would uphold the benefits decision on de novo review.  *See Pannebacker v. Liberty Life Assurance Co. of Bos.*, 542 F.3d 1213, 1218 (9th Cir. 2008).

## II

We reject the contention that Seleine was entitled to "any occupation" benefits merely because she was awarded "own occupation" benefits under the Plan in a prior action.  Because the definition of disability under the "any occupation" standard is more stringent and covers a later time period, Seleine's entitlement to "own occupation" benefits lacks any preclusive effect in this action.

*See United States v. Edwards*, 595 F.3d 1004, 1013 (9th Cir. 2010); *accord Muniz v. Amec Constr. Mgmt., Inc.*, No. 09-55689, 2010 WL 4227877, at *5 (9th Cir. Oct. 27, 2010) (noting that the initial determination that a claimant is disabled does not "operate[] forever as an estoppel so that an insurer can never change its mind" (internal quotation marks omitted)). Nor does the law of the case help Seleine, since entitlement to "any occupation" benefits was not considered or decided in the prior action. *See United States v. Cote*, 51 F.3d 178, 181 (9th Cir. 1995).

III

The district court correctly held that LINA's decision to terminate Seleine's benefits was not an abuse of discretion. LINA ordered an independent medical examination, and the examiner concluded that Seleine's "significant subjective complaints" were "grossly disproportionate to her objective findings." **ER 147.** During the forty-minute examination, Seleine did not display any pain or distress while sitting, standing, or walking, despite her claims of debilitating neck and back pain. The examiner noted that Seleine's x-rays and MRI "revealed only degenerative changes, reasonably consistent with [her] age." ***Id.*** The examiner therefore concluded that Seleine was able to sit continuously for fifty minutes per hour, with a ten-minute break to reduce stiffness. A peer reviewer agreed with the conclusions of the independent medical examiner, and a vocational expert

3

identified several sedentary occupations that Seleine could perform in light of her training, education, and experience. LINA reasonably determined from this information that Seleine was not disabled under the "any occupation" definition.

LINA was not required to credit the opinions of Seleine's treating physicians or the neurosurgeon hired by her lawyer. *See Black & Decker Disability Plan v. Nord*, 538 U.S. 822, 831 (2003). Nor was LINA bound by the Social Security Administration's decision to award Seleine disability benefits.[1] *See Montour*, 588 F.3d at 635. We are unpersuaded that LINA's decision to rely on other evidence meant that it ignored Seleine's evidence or reached a biased result. Rather, its decision was well within the discretion granted to it as the plan administrator. *Id.* at 629–30.

IV

For the foregoing reasons, we conclude that the district court did not err in upholding LINA's termination of Seleine's disability benefits.

**AFFIRMED.**

---

[1]Although LINA failed to explain why it reached a different conclusion than the Social Security Administration, we are satisfied that such failure did not taint the decisionmaking process given the significant differences between the benefits determinations under the Social Security Act and under an ERISA plan. *See Black & Decker Disability Plan*, 538 U.S. at 832–34.