CALLAHAN, Circuit Judge,
dissenting.
In 2007, we held that petitioners “as a matter of law are not eligible to adjust their status because they are ineligible to receive 1-212 waivers.” Duran Gonzales v. DHS, 508 F.3d 1227, 1242 (9th Cir.2007) (“Duran Gonzales /”). In January 2009, we denied petitioners’ request for rehearing and rehearing en banc, which included an argument that our opinion should not be applied retroactively; our mandate issued on January 23, 2009. In October 2011, we issued an opinion reiterating that Duran Gonzales I had full retroactive effect, Duran Gonzales v. DHS, 659 F.3d 930 (9th Cir.2011), and petitioners filed a petition for rehearing and rehearing en banc. Thereafter, in October 2012, we issued an en banc opinion in Garfias-Rodriguez, 702 F.3d 504 (9th Cir.2012), adopting a new rule for retroactivity in certain cases. I respectfully disagree with my colleagues that our adoption of a new rule in 2012 in an unrelated case changes the retroactivity of our 2007 opinion. Rather, I would hold that under the prudential law-of-the-case doctrine, Duran Gonzales I remains retroactive and applicable to the petitioners.
I
The prudential law-of-the-case doctrine precludes one panel of an appellate court from reconsidering questions that have already been decided on a prior appeal in the same case. In Hegler v. Borg, 50 F.3d 1472, 1475 (9th Cir.1995), we explained:
“Under the law of the case doctrine, one panel of an appellate court will not as a general rule reconsider questions which another panel has decided on a prior appeal in the same case.” Merritt v. Mackey, 932 F.2d 1317, 1320 (9th Cir.1991) (internal quotations and brackets omitted). Although an appellate panel’s observance of the doctrine is discretionary, a prior decision should be followed unless (1) the decision is clearly erroneous and its enforcement would work a manifest injustice, (2) intervening con *1279 trolling authority makes reconsideration appropriate, or (3) substantially different evidence was adduced at a subsequent trial. Id. The doctrine, however, applies only to issues considered and actually decided by the first court. United States v. Cote, 51 F.3d 178, 181 (9th Cir.1995).
We reiterated our understanding of the doctrine in Ranchers Cattlemen Action Legal Fund United Stockgrowers of America v. U.S. Department of Agriculture, 499 F.3d 1108, 1114 (9th Cir.2007), stating:
[T]he district court should abide by “the general rule” that our decisions at the preliminary injunction phase do not constitute the law of the case. See id. [S. Or. Barter Fair v. Jackson County, 372 F.3d 1128 (9th Cir.2007) ]; see also City of Anaheim v. Duncan, 658 F.2d 1326, 1328 n. 2 (1981). Any of our conclusions on pure issues of law, however, are binding. See This That And The Other Gift And Tobacco, Inc. v. Cobb County, 439 F.3d 1275, 1284-85 (11th Cir.2006); 18 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 4478.5 (2002) (“A fully considered appellate ruling on an issue of law made on a preliminary injunction appeal ... become[s] the law of the case for further proceedings in the trial court on remand and in any subsequent appeal.”).
The prudential considerations underlying the law-of-the-case doctrine support its application here. In Christianson v. Colt Industries Operating Corp., 486 U.S. 800, 815-16, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988), the Supreme Court noted that:
“As most commonly defined, the doctrine [of the law of the case] posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.” Arizona v. California, 460 U.S. 605, 618, 103 S.Ct. 1382, 1391, 75 L.Ed.2d 318 (1983) (dictum). This rule of practice promotes the finality and efficiency of the judicial process by “protecting against the agitation of settled issues.” IB J. Moore, J. Lucas, & T. Currier, Moore’s Federal Practice ¶ 0.404[1], p. 118 (1984).
II
Duran-Gonzales was decided in 2007. Its holding is clear: “plaintiffs as a matter of law are not eligible to adjust their status because they are ineligible to receive 1-212 waivers.” 508 F.3d at 1242. There is no reasonable argument that the decision was not clear and dispositive. Indeed, the district court properly found it to be clear and dispositive, and it has been cited by numerous courts.
Although the majority relies on the second exception in Hegler to jettison the law-of-the-case doctrine in this case, none of the three exceptions require or justify such a course. See Hegler, 50 F.3d at 1475.
First, the decision in Duran Gonzales I is not clearly erroneous, nor will its enforcement work a manifest injustice. Garfias-Rodriguez, 702 F.3d at 511, affirmed Duran Gonzales I’s underlying decision to apply the BIA’s decision in In re Torres-Garda, 23 I. & N. Dec. 866 (BIA 2006), rather than the Ninth Circuit’s prior opinion in Perez-Gonzalez v. Ashcroft, 379 F.3d 783 (9th Cir.2004). Moreover, Garfi-as-Rodriguez recognizes that Duran Gonzales I properly applied the then-applicable standard for retroactivity. Garfias-Rodriguez, 702 F.3d at 517. Citing such Supreme Court cases as Chevron Oil Co. v. Huson, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971), and Harper v. Virginia. Department of Taxation, 509 U.S. 86, 113 S.Ct. 2510, 125 L.Ed.2d 74 (1993), the en banc opinion noted:
*1280 The Supreme Court has emphasized that retroactive application is the presumptive norm, and implied that any exceptions to this rule must be narrow. Harper, 509 U.S. at 95-96, 113 S.Ct. 2510, 125 L.Ed.2d 74. It has also emphasized that we are not to perform a retroactivity analysis on a case-by-case basis, but that we must decide whether a rule should be retroactive (or not) as applied to all eases currently pending. Id. at 96-97, 509 U.S. 86, 113 S.Ct. 2510, 125 L.Ed.2d 74.
Garfias-Rodriguez, 702 F.3d at 517. The opinion then explicitly states that it is adopting a “new rule” that it believed to be a “better fit for this situation,” where National Cable & Telecommunications Association v. Brand X Internet Services, 545 U.S. 967, 125 S.Ct. 2688, 162 L.Ed.2d 820 (2005) {“Brand X”), mandates deference to an agency’s statutory interpretation, that is contrary to a prior Ninth Circuit opinion. Id. at 518. Thus, Garfias-Rodri-guez does not suggest that either the substantive decision in Duran Gonzales I or its retroactive application was “clearly erroneous.”
Nor does a review of Garfias-Rodriguez ’s application of the multi-factor inquiry in Montgomery Ward & Co. v. FTC, 691 F.2d 1322, 1333 (9th Cir.1982), suggest that applying Duran Gonzales I’s substantive holding to the petitioners “would work a manifest injustice.” Hegler, 50 F.3d at 1475. In Garfias-Rodriguez, we applied the Montgomery Ward criteria to Garfias-Rodriguez and concluded that he did not qualify for relief. Garfias-Rodriguez, 702 F.3d at 523. Because the policies behind the application of the criteria are similar for both cases, the result here is likely to be the same. As in Garfias-Rodriguez, the second and fifth factors favor the government. Id. at 521-23. In light of the government’s interpretation of the underlying statutes, the support for that position by other circuit courts, and the BIA’s decision in Torres-Garcia, Duran Gonzales I was neither “an abrupt departure from well established practice” nor a “complete surprise.” Id. at 521. Also, the statutory interest in applying the new rule is at least as great here as in Garfias-Rodriguez, which recognized that “non-retroactivity impairs the uniformity of a statutory scheme and the importance of uniformity in immigration law is well established.” Id. at 523. Assuming that here, as in Garfias-Rodriguez, the first factor does not apply,[1] and the fourth factor — the degree of burden — favors petitioners,[2] they would have to make a strong showing on the second factor, reliance, just *1281 to balance the factors. But petitioners would be hard pressed to make such a showing.[3] The opinion in Garfias-Rodriguez suggests that incurring an additional filing fee and disclosing one’s illegal presence in the United States may not constitute reliance. See 702 F.3d at 522; see also Fernandez-Vargas v. Gonzales, 548 U.S. 30, 44-46,126 S.Ct. 2422, 165 L.Ed.2d 323 (2006).[4] Thus, it does not appear that maintaining Duran Gonzales 7’s retroac-tivity would work a “manifest injustice.”
The third Hegler exception does not apply because no trial was held on remand. Moreover, petitioners’ effort on remand to challenge Duran Gonzales I’s retroactive effect and to narrow the class did not present “substantially different evidence.” Hegler, 50 F.3d at 1475.
The majority, however, reasons in just a single sentence, that the second Hegler exception is met. It states: “Having announced a retroactivity test for Brand X eases that is at odds with the analytical framework invoked in Duran Gonzales I, we are compelled to conclude that the legal change effected by Garfias-Rodriguez falls squarely within the second exception for ‘intervening controlling authority.’ ” Maj. at 15-16.
But Garfias-Rodriguez is not an “intervening controlling authority.” First, it comes after the issuance of our mandate in Duran Gonzales I. Second, as noted, Garfias-Rodriguez accepted that the court should defer to the intervening agency’s decision.[5] 702 F.3d at 511. Thus, Garfias-Rodriguez agrees with the substance of Duran Gonzales I. Indeed, Garfias-Rodriguez accepted the Board of Immigration Appeals decision in In re Briones, 24 I. & N. Dec. 355, 371 (BIA 2007), and held that it was reasonable and entitled to deference.[6] 702 F.3d at 514.
The en banc court then applied its ruling to Garfias-Rodriguez and in doing so *1282 adopted a new rule. But Garfias-Rodrí-guez says nothing about the law-of-the-case doctrine, and does not indicate that it was to be applied retroactively to past instances in which the Ninth Circuit had deferred to an intervening agency decision pursuant to Brand X.[7] Rather, in light of the facts that the application of the new standard did not result in any relief to Garfias-Rodriguez, and that five judges took exception to the majority opinion in five different opinions, it seems questionable that the six judges in the majority contemplated that the new standard they were adopting would be applied retroactively. If they had, one would have expected them to so indicate. Instead, they held that the Montgomery Ward standard was to be applied on a case-by-case basis where the issue is fairly raised.[8] 702 F.3d at 519-20.
Here, the retroactivity of Duran Gonzales I is not fairly raised. Duran Gonzales I stated that, as a matter of law, petitioners were “not eligible to adjust their status because they are ineligible to receive 1-212 waivers.” 508 F.3d at 1242. Petitioners sought rehearing and rehearing en banc, but their request was denied and our mandate issued on January 23, 2009. That should have been the end of the matter. Petitioners, however, persisted in reiterating their arguments concerning retroactivity both in the district court and this court until, well after we had issued an opinion denying their second appeal, their argument found favor in another case concerning another statute.
Petitioners’ persistence may be admirable, but this is precisely the type of situation that is covered by the law-of-the-case doctrine. Otherwise, the orderly development of the law will be inhibited as panels may be reluctant to make adjustments for fear they will undermine prior final decisions. Also, parties will be encouraged to follow petitioners’ lead and continually raise already-decided issues in the hope that during the resulting delay some decision will issue that supports their perspective.
The prudential concerns underlying the law-of-the-case doctrine should be controlling where, as here, the question is whether a new Ninth Circuit opinion in a separate and distinct case, which adopts a new rule of retroactivity, should apply to a ruling that has been final for years. Petitioners, whose claims were determined to be barred as a matter of law in Duran Gonzales, now find themselves fortuitously again before the Ninth Circuit. Because I would find that petitioners’ situation does not come within any of the three exceptions to the law-of-the-case doctrine that we recognized in Hegler, 50 F.3d at 1475,1 would hold that our 2012 decision in Garfi-as-Rodriguez does not change the retroac-tivity of our 2007 opinion in Duran Gonzales I. Accordingly, I would affirm the district court’s dismissal of petitioners’ case.

. In Garfias-Rodriguez, we noted that the first factor — whether the particular case is one of first impression "may not be as well suited to the context of immigration law,” and noted that in any event, "any question of unfairness in applying a new rule in cases of ‘first impression' or ‘second impression,’ such as surprise or detrimental reliance, is fully captured in the second and third Montgomery Ward factors.” 702 F.3d at 521. However, if the first factor is applied, it favors the government because the agency has consistently held that an alien could not apply for reinstatement from within the United States within ten years of having been removed. Thus, neither Perez-Gonzalez nor Duran Gonzales I was a case of first impression, but rather represented different stages in the continuing dialogue between the agency and the Ninth Circuit.

. In Garfias-Rodriguez, we noted:
Although the relief he applied for is ultimately discretionary, " '[tjhere is a clear difference, for the purposes of retroactivity analysis, between facing possible deportation and facing certain deportation.' ” Miguel-Miguel [v. Gonzales ], 500 F.3d [941], 952 [ (9th Cir.2009) ] (quoting INS v. St. Cyr, 533 U.S. 289, 325, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001)). Furthermore, "deportation alone is a substantial burden that weighs against retroactive application of an agency adjudication.” Id.
702 F.3d at 523.

. Our opinion in Garfias-Rodriguez notes that the "second and the third factors are closely intertwined," and that "[w]e have made it clear in this circuit that these two factors will favor retroactivity if a party could reasonably have anticipated the change in the law such that the new requirement would not be a complete surprise.” 702 F.3d at 521 (citation and internal quotation marks omitted).

. The Supreme Court commented:
[I]t is the conduct of remaining in the country after entry that is the predicate action; the statute applies to stop an indefinitely continuing violation that the alien himself could end at any time by voluntarily leaving the country. It is therefore the alien’s choice to continue his illegal presence, after illegal reentry and after the effective date of the new law, that subjects him to the new and less generous legal regime, not a past act that he is helpless to undo up to the moment the Government finds him out.
548 U.S. at 44, 126 S.Ct. 2422.

. The en banc court explained:
[W]e addressed the effect of Torres-Garcia in Duran Gonzales I, 508 F.3d 1227. Applying the framework established by Cuev-ron and Brand X, we deferred to the BIA’s interpretation of § 212(a)(9)(c) in Torres-Garcia, and overruled Perez-Gonzalez. Id. at 1242. We found that in Perez-Gonzalez we had determined that the relevant sections of the INA were ambiguous and that the BIA had not, at that time, issued a controlling decision that resolved this ambiguity. Id. at 1237-38; see Brand X, 545 U.S. at 982, 125 S.Ct. 2688. We concluded that the BIA's interpretation of § 212(a)(9)(C)(i)(II) in Torres-Garcia was “clearly reasonable and is therefore entitled to Chevron deference under Brand X." Duran Gonzales I, 508 F.3d at 1242. Accordingly, we concluded that "we are bound by the BIA’s interpretation of the applicable statutes in In re Torres-Garcia, even though that interpretation differs from our prior interpretation in Perez-Gonzalez." Id.
702 F.3d at 511.

.The en banc opinion states: “We conclude that aliens who are inadmissible under § 212(a)(9)(C)(i)(I) are not eligible for adjustment of status under § 245 (i), and overrule Acosta to the extent it holds otherwise.” Garfias-Rodriguez, 702 F.3d at 514.

. Garfias-Rodriguez did not present a law-of-the-case issue because there was no final decision by the Ninth Circuit. Although a three-judge panel had initially denied Garfias-Rod-riguez’s claim for relief, Garfias-Rodriguez v. Holder, 649 F.3d 942, 953 (9th Cir.2011), that opinion never became final and was superseded by our grant of rehearing en banc. See Garfias-Rodriguez v. Holder, 672 F.3d 1125 (9th Cir.2012).

. The direction that the Montgomery Ward standard is to be applied case-by-case raises questions as to whether a class action can be maintained when a relief turns on the application of the individualized inquiry set forth in Montgomery Ward. The majority leaves it to the district court to wrestle with this issue in the first instance.