**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 15 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

OAK PARK UNIFIED SCHOOL
DISTRICT, a California Public School
District; THE VENTURA COUNTY
SCHOOLS SELF-FUNDING
AUTHORITY, a California Joint Powers
Insurance Authority,

          Plaintiffs-Appellants,

  v.

PHILADELPHIA INDEMNITY
INSURANCE COMPANY,

          Defendant-Appellee.

No.   20-55360

D.C. No.
2:17-cv-03765-SVW-KS

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Submitted June 9, 2021[**]
Pasadena, California

Before:  MURGUIA, BADE, and LEE, Circuit Judges.

Oak Park Unified School District ("Oak Park") appeals the district court's

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

grant of summary judgment on its claims against Philadelphia Indemnity Insurance

Company ("Philadelphia") for breach of the implied covenant of good faith and

fair dealing ("bad faith") and for punitive damages. We have jurisdiction under 28

U.S.C. § 1291. We review a district court's grant of summary judgment de novo,

*Nodine v. Shiley Inc.*, 240 F.3d 1149, 1152 (9th Cir. 2001), and we affirm.[1]

    1.    Oak Park argues that the district court erroneously determined that

Philadelphia denied coverage based on a reasonable interpretation of the policy

exclusion. Oak Park contends that the district court erred by relying on two cases

which interpreted the term "design defect" consistent with Philadelphia's

interpretation. *See Oak Park v. Philadelphia*, 2:17-CV-03765, 2017 WL 8288041

(C.D. Cal. Dec. 19, 2017), *rev'd sub nom. Oak Park Unified Sch. Dist. v. Phila.

Indem. Ins.*, 771 F. App'x 757 (9th Cir. 2019); *Pasadena Area Cmty. Coll. Dist. v.

Phila. Indem. Ins.* ("*PACC*"), LA-17-CV-08569, 2018 WL 6265078 (C.D. Cal.

July 27, 2018).[2] We disagree. Under well-settled California law, a court's

subsequent analysis of a policy exclusion can serve as evidence that an insurer

---

[1] The parties are familiar with the factual and procedural background of this matter. Therefore, we recite only those facts necessary for this disposition.

[2] Oak Park attempts to distinguish *PACC* by observing that the dispute there centered on the terms "arising out of" and "loss caused by" in the policy exclusion, not "design defect." While most of the district court's analysis focused on the causal connection between the alleged unsafe condition and the alleged injury, it unquestionably interpreted "design defect" as including a "dangerous and defective condition of the premises." *PACC*, 2018 WL 6265078, at *4–5.

acted reasonably when it interpreted the policy similarly. *See, e.g., Morris v. Paul Revere Life Ins.*, 135 Cal. Rptr. 2d 718, 726 (Ct. App. 2003) ("If . . . the coverage issue turns upon analysis of a legal point—and assuming the governing law has not changed in the interim—the fact that a court had interpreted that law in the same manner as did the insurer, whether before or after, is certainly probative of the reasonableness, if not necessarily the ultimate correctness, of its position.").

Oak Park also argues that Philadelphia conducted an inadequate investigation before denying coverage. But Oak Park cites no authority suggesting that when an insurer denies coverage based on a reasonable interpretation of a policy exclusion, the insurer might nevertheless be liable for bad faith because it failed to conduct an adequate investigation. Thus, even if the evidence permits an inference that Philadelphia conducted an inadequate investigation, it would be insufficient to overcome summary judgment here.

Oak Park also asserts that Philadelphia merely sought "to pin all of the blame on [Oak Park]" in its investigation, and that Philadelphia "had no idea what its grounds for denial were," because its Assistant Vice President of Claims could not define "design defect" during her deposition. But this evidence is irrelevant. "[I]n determining whether [a] dispute is 'reasonable,' the proper test to apply is an objective one. An insurer's subjective state of mind is immaterial." *FEI Enters. v. Kee Man Yoon*, 124 Cal. Rptr. 3d 64, 74 (Ct. App. 2011); *see also CalFarm Ins.*

3

*Co. v. Krusiewicz*, 31 Cal. Rptr. 3d 619, 629 (Ct. App. 2005) ("If the conduct of the insurer in denying coverage was objectively reasonable, its subjective intent is irrelevant.").[3]

2.      Oak Park argues that the district court disregarded the law of the case based on a prior appeal in this case. *See Oak Park*, 771 F. App'x at 757–58. But that appeal concerned only whether the district court properly concluded that Philadelphia had no duty to defend Oak Park because the relevant "policy's exclusionary clause eliminated the possibility of coverage." *Id.* at 758. We analyzed the language of the policy exclusion and California authority interpreting the meaning of "design defect," *see id.* (citing Cal. Civ. Code § 2784), and concluded that "[b]ecause the[] terms are ambiguous, and as exclusions are construed narrowly, we construe these terms in favor of the insured," *id.* (citations omitted). We therefore held "that the exclusionary clause did not eliminate the potential for coverage under the . . . policy," and "Philadelphia therefore had a duty to defend Oak Park." *Id.* We did not address whether Philadelphia's contrary interpretation of the exclusion was reasonable, and nothing in the memorandum

---

[3] Oak Park also argues that the policy identifies "three separate grounds for exclusion—(i) design defect, (ii) structural maintenance, and (iii) premises defect"—and that the district court inadequately distinguished among these terms. But if the unsafe condition was a "design defect," then it would have triggered the exclusion regardless of whether it was also a "structural maintenance" problem or a "premises defect."

4

disposition suggests that Philadelphia "ignored" any "factual issues" in its investigation or denial as Oak Park asserts, or that it otherwise acted unreasonably.

"For the [law of the case] doctrine to apply, the issue in question must have been decided explicitly or by necessary implication in [the] previous disposition. A significant corollary to the doctrine is that dicta have no preclusive effect." *Rebel Oil Co. v. Atl. Richfield Co.*, 146 F.3d 1088, 1093 (9th Cir. 1998) (second alteration in original) (quotation marks and citation omitted); *see also United States v. Cote*, 51 F.3d 178, 181 (9th Cir. 1995) ("[T]he law of the case acts as a bar only when the issue in question was actually considered and decided by the first court."). Because the disposition in the prior appeal did not address the bad faith issue or the reasonableness of Philadelphia's interpretation of the exclusion, the district court did not violate the law of the case in resolving these issues.[4]

**AFFIRMED.**

---

[4] Because Oak Park's claim for punitive damages is derivative of its bad faith claim, and we affirm the district court's grant of summary judgment on bad faith, we likewise affirm summary judgment on punitive damages. *See Am. Cas. Co. of Reading, Pa. v. Krieger*, 181 F.3d 1113, 1123 (9th Cir. 1999).