**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

SEP 9 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | Nos. 20-50256<br>20-50258 |
| Plaintiff-Appellee, | |
| v. | D.C. Nos. 2:16-cr-00538-RGK-4<br>2:16-cr-00538-RGK-5 |
| JAMIE MATSUBA and TAKAHARO<br>THOMAS MATSUBA, | MEMORANDUM* |
| Defendants-Appellants. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Submitted September 7, 2021**
San Francisco, California

Before: OWENS and BUMATAY, Circuit Judges, and MOLLOY,*** District
Judge.

Following a seven-day jury trial, Jamie Matsuba and Takaharo Thomas

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without
oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Donald W. Molloy, United States District Judge for the
District of Montana, sitting by designation.

1

Matsuba were convicted of mortgage fraud and conspiracy to commit mortgage fraud, wire fraud, and identity theft based on a multi-million-dollar foreclosure rescue scheme targeting distressed homeowners in the Los Angeles area from 2008 to 2015. They were sentenced, by application of an 18-level loss enhancement, to 135 months and 168 months, respectively. We previously affirmed their convictions but remanded the case for resentencing based on the district court's loss and restitution calculations. *United States v. Matsuba*, 809 F. App'x 390 (9th Cir. 2020). Following remand, the district court once again applied the 18-loss enhancement but reduced the restitution award. The defendants once again appeal. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We affirm the defendants' sentences but remand the restitution award on limited grounds.

1. Because the district court explicitly determined that the rents at issue were a "loss" under §2B1.1(b)(1) of the United States Sentencing Guidelines, the court was not required to engage in the "gain" substitution analysis as argued by the defendants. Nor did the district court err in its characterization. The rent that the Matsubas charged the original homeowners and other tenants after acquiring the properties provides a reasonable basis for estimating actual loss to the victims because of their fraud. In considering a similar scheme we concluded that it was "pellucid that the rents [the defendant] received represent a value that he took from the owner-victims. It is, by the way, the very value (perhaps among others) that he

2

intended to take from them. Thus, the use of that figure has the virtue of representing actual loss, intended loss and even the offender's gain." *United States v. Harper*, 32 F.3d 1387, 1392 (9th Cir. 1994) (applying USSG §2F1.1 (1994)). That conclusion remains consistent with the Guideline definition of loss. *See* USSG §2B1.1, comment. (n.3(A)) (2018). And the possibility that mortgage lenders could also be victims of the Matsubas' scheme does not prevent those divested of the rent payments from being victims as well.

2. The record supports a loss amount of $3.5 to $9.5 million. As we have previously recognized, "[t]he court need not make its loss calculation with absolute precision; rather it need only make a reasonable estimate of the loss based on the available information." *United States v. Zolp*, 479 F.3d 715, 719 (9th Cir. 2007); USSG §2B1.1, comment. (n.3(C)). Here, the range adopted by the district court was consistent with the government's loss calculation (approximately $19 million) less reductions proposed by the defendant's sentencing expert (approximately $13 million). And, as stated by the district court, that determination was "conservative." *See United States v. Armstead*, 552 F.3d 769, 780 (9th Cir. 2008) (reiterating that "deference to a district court's loss calculation is warranted because the district court is in a unique position to assess the evidence") (citation and internal quotation marks omitted). Accordingly, the district court did not clearly err in its calculation of the loss amount. *See United States v. Garro*, 517

3

F.3d 1163, 1167 (9th Cir. 2008).

3. Regarding restitution, we decline to revisit the district court's valuation methodology or the reliability of the underlying evidence in this appeal. *See United States v. Cote*, 51 F.3d 178, 181 (9th Cir. 1995). Nevertheless, the government "acknowledges error with respect" to certain aspects of the restitution award, specifically involving mortgage payments offsets and incorrectly identified victims. Given the government's concession, a limited remand is appropriate to permit the district court to ensure all restitution offsets have been included and the proper victims named.

4. Finally, the defendants fail to show this matter is a "rare and extraordinary circumstance" that requires reassignment to a different district judge. *Nat'l Council of La Raza v. Cegavske*, 800 F.3d 1032, 1045 (9th Cir. 2015).

**We remand for the limited reconsideration of the restitution award consistent with this disposition. AFFIRMED IN PART, VACATED AND REMANDED IN PART.**