MEMORANDUM *
Appellant Mark DeClements (“DeCle-ments”) appeals from the district court’s upholding of a partially favorable social security determination, seeking four more months of disability benefits. DeClements contends that the uncontroverted examining physicians’ reports establish that he was disabled as of January 16, 2002, not as of May 27,2002, as the ALJ found.
On April 17, 2002, the report of examining physician Dr. Puzon established that DeClements was severely limited in his movements and could not work until surgery was performed to repair his hernia. Previously, on January 16, 2002, the report of examining physician, Dr. Waffle, established that DeClements was in extreme pain unless placed in head down position. An ALJ may reject an uncontroverted opinion of an examining physician only for clear and convincing reasons. Pitzer v. Sullivan, 908 F.2d 502, 506 (9th Cir.1990). The ALJ failed to explain why he discredited the examining physicians’ opinions, merely stating that he found DeClements was not credible until DeClements suffered a gunshot wound on May 27, 2002, and that the examining physician’s opinions were not sufficiently complete.
We cannot determine from this record the date DeClements became disabled. The record shows that DeClements may have been incapacitated from the time he was released from jail on or about January 1, 2002, or may have become incapacitated at any time between then and the onset date the ALJ selected of May 27, 2002. Under similar circumstances, we have interpreted Social Security Regulation 83-20 to require that the ALJ may not draw medical inferences alone but must call upon the services of a medical advisor to review the medical record and determine the correct onset date. Armstrong v. Comm’r of the Soc. Sec. Admin., 160 F.3d 587, 590 (9th Cir.1998).
Accordingly, we VACATE the district court’s order and REMAND with instructions that the ALJ be directed to select a medical advisor to assist him in determining the date DeClements became disabled.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.