NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MARK J. DECLEMENTS,

Plaintiff-Appellant,

v.

NANCY BERRYHILL,
Acting Commissioner of Social Security,

Defendant-Appellee.

No.   15-35182

D.C. No.
3:14-cv-05069-JRC

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
J. Richard Creatura, Magistrate Judge, Presiding

Submitted October 5, 2017[**]
Seattle, Washington

Before:  LIPEZ,[***] WARDLAW, and OWENS, Circuit Judges.

This is an appeal from a denial of social security disability benefits.  Mark

DeClements challenges the conclusion of an Administrative Law Judge (ALJ),

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

[***]      The Honorable Kermit Victor Lipez, United States Circuit Judge for the First Circuit, sitting by designation.

affirmed by the district court, that his hernia condition was not a severe impairment because it did not last for twelve months or more. We review the district court's judgment upholding the denial of social security benefits de novo and the ALJ's findings of fact for substantial evidence. *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 522 (9th Cir. 2014). Because we hold that the ALJ properly revisited a prior ALJ decision and concluded based on substantial evidence that the hernia was not a severe impairment, we affirm.

DeClements argues that the ALJ's conclusion that his hernia condition was not "severe" is not supported by substantial evidence in the record. As part of the second step of the "five-step sequential evaluation process" for determining whether a person is disabled and eligible for social security disability insurance benefits, *see* 20 C.F.R. § 404.1520, the ALJ was required to find that DeClements's impairment "lasted or [was] expected to last for a continuous period of at least 12 months," *id.* § 404.1509, before the ALJ could deem the condition severe. The ALJ found that DeClements's hernia impairment was not severe because it began in October 2001 and lasted until the summer of 2002, thus failing the durational requirement.

The ALJ appropriately based his conclusion on testimony by a medical expert, who opined that she would not expect DeClements to experience limitations from the hernia more than approximately two months following the June 2002 surgery to repair the hernia. That testimony was consistent with DeClements's medical records

2

and the opinion of his treating physician, who also predicted that DeClements would no longer have restrictions due to the hernia surgery after July 2002. Thus, even assuming that the hernia condition caused DeClements to experience continuous pain from the date it was first diagnosed in October 2001 until two months after the hernia repair surgery, substantial evidence supported the ALJ's finding that the hernia would still fall short of the durational requirement.

Contrary to DeClements's contention, evidence that he sought treatment for abdominal pain after June 2002 does not undermine the ALJ's finding because DeClements provided no pertinent evidence that he experienced abdominal pain, from the hernia or otherwise, after August 2002. His only complaint beyond that time is an instance of abdominal pain and discomfort in May 2003, but that date is too remote and the medical records too inconclusive as to the cause of the pain to support a finding—contrary to the weight of the medical evidence—that DeClements suffered pain from the hernia after August 2002. Because a severe impairment that lasted or was expected to last at least twelve months is a precondition to a finding of disability, the ALJ did not err in concluding that DeClements was not disabled on his date last insured of March 31, 2002.

DeClements also argues that the ALJ was barred from revisiting whether the hernia was a severe impairment because a different ALJ had already made a finding, not disturbed when it was last appealed, that the hernia was severe. *See DeClements*

3

*v. Astrue*, 365 F. App'x 842, 843 (9th Cir. 2010); *see also United States v. Cote*, 51 F.3d 178, 181 (9th Cir. 1995) (stating that the rule of mandate prevents a court from "revisit[ing] its already final determinations unless the mandate allowed it"). On appeal from the first ALJ's decision, we remanded the case "with instructions that the ALJ be directed to select a medical advisor to assist him in determining the date DeClements became disabled." *DeClements*, 365 F. App'x at 843. DeClements reads those instructions as limiting the ALJ to obtaining evidence from the medical expert regarding the later steps in the disability analysis, not reexamining the severe impairment finding at step two. To the contrary, we did not limit the medical expert's testimony to a particular step in the disability analysis. After hearing new testimony from the medical expert as we directed, the ALJ concluded that the hernia was not a severe impairment. That conclusion was consistent with our directive to determine the onset date of DeClements's disability with the help of a medical expert, and therefore the ALJ's decision did not violate the mandate rule. *See Stacy v. Colvin*, 825 F.3d 563, 568 (9th Cir. 2016) (stating in the social security context that the ALJ may "reexamine any issue on remand that is not inconsistent with the mandate" of the appellate court).

Likewise, it was not an abuse of discretion for the ALJ to decline to apply the law of the case doctrine to the finding that the hernia was a severe impairment. The ALJ considered substantial new evidence on remand, namely the testimony of the

medical expert that the hernia could not have lasted twelve months or more, before deciding that the hernia was not a severe impairment. *See id.* at 567 (stating that an ALJ should not apply the law of the case doctrine "when the evidence on remand is substantially different").

In short, the ALJ's decision was supported by substantial evidence in the record and was not precluded by this court's mandate or the law of the case doctrine.

**AFFIRMED.**